No. 1,503.

The School City of Noblesville *v.* Heinzman et al.

Demurrer.—*To Answer.—Insufficiency in Form.*—A demurrer to a paragraph of answer, "That said paragraph does not contain facts sufficient to constitute a cause of action," is not sufficient in form to test the sufficiency of the paragraph of answer to constitute a defense to the cause of action.

Practice.—*Motion in Arrest of Judgment.—When Amounts to Waiver of New Trial.*—If a party move in arrest of judgment, before moving for a new trial, he thereby waives the right to ask for a new trial.

From the Tipton Circuit Court.

*S. D. Stuart, G. Shirts* and *I. A. Kilbourne,* for appellant.

*J. C. Blacklidge, C. C. Shirley, B. C. Moon, R. B. Beauchamp* and *W. W. Mount,* for appellees.

Ross, J.—The appellees sued and recovered judgment against the appellant for a balance alleged to be due them upon a contract for the building of a schoolhouse in the city of Noblesville, Indiana.

Two specifications of error have been assigned by appellant, as follows:

"1. The court below erred in overruling the motion for a new trial."

"2. The court erred in overruling the demurrer to the second paragraph of the answer to appellant's cross-complaint."

These specifications of error will be taken up and considered in the inverse order of their assignment.

The cross-complaint filed by appellant declared upon a bond given pursuant to the terms of the contract sued

on to secure the faithful performance by appellees of their part thereof, alleging a breach and asking damages therefor as provided in said contract. To this cross-complaint the appellees answered in two paragraphs: first, a general denial, and, second, specially alleging facts to show not only that the delay alleged in the cross-complaint was caused by the acts of appellant, but that subsequent to the making of the contract, that part thereof upon which the appellant sought a recovery in its cross-complaint had by agreement been changed, etc.

The appellees insist that the court below did not err in overruling the demurrer to this answer. In support of this contention it is urged that the paper filed and denominated a demurrer is insufficient to raise any question as to the sufficiency of the answer to constitute a defense to the cause of action alleged in the cross-complaint.

The demurrer, omitting the caption, reads as follows:

"Comes now the cross-complainant and demurs to the second paragraph of answer to cross-complaint, and says that said paragraph does not contain facts sufficient to constitute a cause of action."

That the demurrer is insufficient in form and does not test the sufficiency of the facts alleged in the answer to constitute a defense to the cause of action alleged in the cross-complaint, we think is well settled by the decisions of this court. *Firestone* v. *Werner*, 1 Ind. App. 293; *Angaletos* v. *Meridian Nat'l Bank, etc.*, 4 Ind. App. 573; *Wade* v. *Huber*, 10 Ind. App. 417.

. The facts alleged in the answer, so far as any objection has been pointed out, or a careful reading discloses, state a good defense to the cause of action alleged in the cross-complaint.

The record shows that, prior to the filing of the motion

for a new trial, the appellant moved in arrest of judgment; the motion was overruled by the court and an exception saved by appellant to the ruling. It is now urged by the appellees that the appellants by moving in arrest of judgment waived their right to ask for a new trial. This seems to be the rule of practice in this State. *Eckert* v. *Binkley*, 134 Ind. 614, and authorities cited.

Judgment affirmed.

DAVIS, J., took no part in the decision of this case.
Filed September 26, 1895.