(5 App. Div. 559.)

. TALLAPOOSA LUMBER CO. v. HOLBERT et al.

(Supreme Court, Appellate Division, Third Department. May 21, 1896.)

1. FOREIGN CORPORATIONS—CONTRACT MADE IN NEW YORK—NOTES.

A note given to a foreign corporation by a resident of New York for goods sold and delivered is a unilateral contract on the part of the maker and indorser, and not a contract made by the foreign corporation in New York, within Laws 1890, c. 563, § 15, as amended by Laws 1892, c. 687, providing that no foreign corporation doing business in New York without having obtained a certificate of authority shall sue on any contract made by it in the state.

2. SAME—DOING BUSINESS IN NEW YORK.

The procuring in New York of orders for goods by the traveling agents of a foreign corporation, which orders are to be transmitted to the home office of the corporation for approval, after which the goods are to be shipped from such office to the buyer in New York, does not constitute "doing business in this state," within Laws 1890, c. 563, § 15, as amended by Laws 1892, c. 687, requiring foreign corporations to obtain a certificate of authority to do business in New York.

Appeal from circuit court, Broome county.

Action by the Tallapoosa Lumber Company against William P. Holbert and Joseph G. Holbert on a promissory note made by defendant William P. Holbert, payable to and indorsed by defendant Joseph G. Holbert, and delivered to plaintiff. From a judgment entered on a verdict in favor of plaintiff for $248.91 (the amount of the note, with interest) and $85.53 costs, defendants appeal. Affirmed.

Argued before LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Lyon, Painter & Hinman, for appellants.
Nisbet & Hanson (C. S. Nisbet, of counsel), for respondent.

HERRICK, J. This is an appeal from a judgment entered upon the verdict of a jury, rendered by direction of the court, in favor of the plaintiff, and against the defendant. The complaint is upon a promissory note, alleged to have been made by the defendant William P. Holbert, and indorsed by the defendant Joseph G. Holbert, and delivered to the plaintiff. One of the defenses asserted in the answer, and apparently the only one relied on upon the trial and upon this appeal, is that the plaintiff is a foreign corporation, and has not procured the certificate required by law to enable it to transact business in this state, and therefore has no right to maintain any action in this state, upon any contract made by it in this state.

Upon the trial, it appeared that the plaintiff is a corporation duly organized and existing under the laws of the state of Alabama, and that it has no office or place of business within this state. The note in question was given in partial settlement of an account for lumber sold by the plaintiff to the defendant William P. Holbert. These sales of lumber were made by a traveling agent who called upon the defendant William P. Holbert from time to time, and solicited orders from him for lumber. These orders

were sent to Alabama by the agent. Subsequently the defendant Holbert would receive the lumber. It appeared, from the testimony of the agent, sworn upon the trial, that these orders were all subject to approval by the home office of the plaintiff in Alabama.

At the close of the evidence, the defendants moved for a nonsuit, and the plaintiff asked that the court direct a verdict for it. The motion for a nonsuit was denied, and the court directed a verdict for the plaintiff for the amount of the note with interest. Neither party requested to go to the jury upon any question of fact. By these motions the parties submitted all contested questions of fact to the court. Under such circumstances, if there was any evidence to sustain any finding of fact necessary to support the judgment, such finding is conclusive upon appeal. Barrow Steamship Co. v. Mexican Cent. Ry. Co., 134 N. Y. 15, 31 N. E. 261; Daly v. Wise, 132 N. Y. 306, 30 N. E. 837; Kirtz v. Peck, 113 N. Y. 222, 21 N. E. 130.

Section 15 of chapter 563 of the Laws of 1890, as amended by chapter 687 of the Laws of 1892, reads as follows:

"No foreign stock corporation other than a monied corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business, or, if more than one kind of business, by two or more corporations so incorporated for such kinds of business respectively. The secretary of state shall deliver such certificate to every such corporation so complying with the requirements of law. No such corporation now doing business in this state shall do business herein after December 31, 1893, without having procured such certificate from the secretary of state, but any lawful contract previously made by the corporation may be performed and enforced within the state subsequent to such date. No foreign stock corporation doing business in this state without such certificate shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate."

The note in question was executed in this state, made payable in this state, and delivered to the plaintiff's agent in this state. So that, perhaps, it may be said to be a contract made in this state. But it is not a contract made by the plaintiff in this state. It is a unilateral contract, by which the maker and indorser agreed to do something, to wit, pay the amount specified in the note; but the plaintiff made no agreement on its part. But, assuming that it was a party to the note, and that, therefore, it was a contract made by it in this state, still that does not bring it within the statute, unless it was doing business in this state. The contract for the partial settlement of which the note was given was not a contract made in this state. While the order was taken here, it was transmitted to Alabama, and was accepted in Alabama, and did not until that time become effectual. The procuring of orders for goods by commercial agents traveling in this state, which orders have to be transmitted to the home office in another state for approval there, and then the goods shipped from the

home place of business to the purchaser in this state, where the foreign corporation has no office or place of business, does not, I think, constitute "doing business in this state," within the meaning of the statute. Varnish Co. v. Connell, 10 Misc. Rep. 553, 32 N. Y. Supp. 492; Manufacturing Co. v. Connell, 88 Hun, 254, 34 N. Y. Supp. 717.

The judgment appealed from should therefore be affirmed, with costs. All concur.