WILLIAM S. P. PRENTICE and Others, as Surviving Executors, etc., of JOHN H. PRENTICE, Deceased, Respondents, *v.* WILLIAM W. GOODRICH, as Receiver of THE UNION WAREHOUSE COMPANY, Appellant.

App.Div.
1   15
56  584

*Practice — a request by both parties that the court decide the case — a waiver of the right to go to the jury.*

Where both parties request the court to dispose of the questions arising in a case, and the court subsequently directs a verdict, the defeated party cannot afterwards make the objection that the case contained questions of fact which should have been submitted to the jury.

APPEAL by the defendant, William W. Goodrich, as receiver of The Union Warehouse Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 20th day of April, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 6th day of June, 1895, denying the defendant's motion for a new trial made upon the minutes.

*John A. Cady*, for the appellant.

*Theron G. Strong*, for the respondents.

PER CURIAM:

This is an appeal from a judgment for the plaintiffs, entered on a verdict at Circuit directed by the court, and from an order denying defendant's motion for a new trial.

The action is brought to recover rent of demised premises. The answer set up a counterclaim for damages to a sub-tenant from the plaintiffs' entry on the demised premises for the purpose of making repairs, against which, it was alleged, the plaintiffs agreed to indemnify the defendant, and also for delay and negligence in the prosecution of such repairs.

There can be but little said in disposing of this appeal. The most serious contention of the appellant is that the trial court erred in directing a verdict, and that the case should have been sent to the jury. The perfect answer to this claim is that, as the record shows,

the defendant not only did not ask that the case be submitted to the jury, but joined with the plaintiffs in a request that the court should dispose of the questions in the case.

The conversation with Phillips, the general superintendent of the Sandersons, was competent, and, further, it was directly responsive to a question to which the defendant interposed no objection.   The motion to strike out the testimony was, therefore, properly denied.

The judgment and order denying the motion for a new trial appealed from should be affirmed, with costs.

Present — BROWN, P. J., and CULLEN, BARTLETT, PRATT and HATCH, JJ.

Judgment and order denying motion for new trial affirmed, with costs.