LYMAN v. SCHERMERHORN et al.

(Supreme Court, Appellate Division, Third Department. June 28, 1900.)

LIQUOR TAX LAW—APPLICATION—FALSE STATEMENTS—GUILTY OF FELONY—BOND —LIABILITY OF SURETIES.

  Liquor Tax Law, § 23, provides that no person who has been convicted of a felony shall traffic in liquor. Section 17 provides that the certificate shall contain a statement, verified by the applicant, that he has not been convicted of a felony. Section 42 provides that one who makes such false statements shall be liable to an action by the commissioners of excise for $50 for each offense. *Held*, that the bond required by such law to be given by the applicant is only an assurance that the privilege of traf-

ficking in liquor will not be abused, and, where an applicant secured a certificate by concealing the fact that he had been convicted of a felony, a surety on his bond was not liable in an action to recover the penalty imposed by the statute therefor.

Appeal from trial term.

Action by Henry H. Lyman, state commissioner of excise of the state of New York, against Nicholas Schermerhorn and the Fidelity & Deposit Company of Maryland. From a judgment in favor of plaintiff, the Fidelity & Deposit Company of Maryland appeals. Reversed.

Argued before PARKER, P. J., and MERWIN, SMITH, and KELLOGG, JJ.

Tracy, Boardman & Platt (Frank H. Platt, of counsel), for appellant.

Charles F. Cantine, for respondent.

KELLOGG, J. The defendant Nicholas Schermerhorn made application for a liquor tax certificate, and at the same time presented to the treasurer the usual bond, with defendant the Fidelity & Deposit Company of Maryland as surety. The tax certificate was issued to him, and thereafter he entered upon the business which the certificate authorized, and made, as the proof shows, three sales of liquor. It is not claimed that the sales so made violated any of the provisions of the liquor tax law, provided the tax certificate authorized the defendant Schermerhorn to traffic in liquor. It is claimed by the respondent that the tax certificate afforded no protection to the person to whom it was issued, because the applicant had previously been convicted of a felony. The case presents only a question of law, all the facts being admitted or undisputed.

The liquor tax law provides (section 23): "No person who has been or shall be convicted of a felony" shall traffic in liquor. Section 17 provides that the application for a liquor tax certificate shall contain a statement, made and verified by the applicant, "that such applicant has not been convicted of a felony." Section 28 provides: "Said liquor tax certificate may be revoked and canceled if material statements in the application of the holder of such certificate were false." Section 34 provides: "Any * * * person trafficking in liquor, who is prohibited from so doing, shall be guilty of a misdemeanor," and fined and imprisoned. Subdivision 2 of section 34 provides: "Any * * * person who shall make a false statement in the application * * * shall be guilty of a misdemeanor," and punished by fine and imprisonment. Section 42 provides that any person who shall make a false statement upon application for a liquor tax certificate shall, in addition to the other penalties and punishments mentioned, be liable in an action by the commissioner of excise for $50 for each offense. So it appears that, aside from the bond required to be given, the offense of a false statement by an applicant for a tax certificate has been made highly penal, and punishment in several ways has been provided.

As conditions precedent to the issuing of a tax certificate, a written application in the form prescribed by the liquor tax law, and

also a bond in the form prescribed by the same law, must be presented to the treasurer. The prescribed form of the bond does not bear a construction making it an assurance of the truthfulness of the statements in the application, nor would it be taken as a breach of any of the conditions of the bond if the statements were in fact all false. The bond runs with the future acts of the applicant in the conduct of the business which he is to be authorized to do. It is an assurance that such authorized business will be conducted in the manner prescribed by the liquor tax' law, and not otherwise; that the privilege of trafficking in liquor will not be abused, and all the requirements of the law will be observed in the conduct of the business. It is a contract with the state touching the conduct of a business. It is not an assurance that the applicant was never convicted of a felony. It is not an assurance that he would not enter upon the business of trafficking in liquor. The state has required no bond from the prohibited class, nor has it required a bond from any citizen that he will not traffic in liquor. If the defendant Schermerhorn was already proscribed as having once been convicted of a felony, no contract touching the trafficking in liquor could be made with him. The contract, if made, would be void. It is enough to say that the law itself prohibits such contracts, for it prohibits all dealings with that class touching any privilege in this field of traffic. If the holder of this certificate, or his bondsman, was being prosecuted for failure to conduct the business in the prescribed manner,—for instance, for selling liquor on Sunday or to a minor,—neither the holder of the certificate nor his bondsman would be permitted to say that the contract was void because the holder had been convicted of a felony. But here the state claims that it granted nothing,— no right to do a business,—and yet claims that the bond given to assure the business is good. I do not think it is. I think the bond is as near waste paper as the certificate. In no event could the certificate be good, or be made good,—not, at any rate, until the sovereign power which made it void should see fit to make it otherwise by the enactment of a new law. The defendant Schermerhorn sold liquor without the right to sell, without a license, without any privilege granted by the state, and should be treated as other persons are treated who sell without a license or the right to sell. He held no tax certificate. He was not a person who could give a lawful bond to traffic in liquor. Such a bond as the law contemplates shall only be given by those who can do a business of that nature. It seems to me that it is only by construing the bond to be an assurance to the state that all the statements in the application are true, that the bond can be treated as authorized by the law or valid for any purpose. But, obviously, the bond is not susceptible of that construction. The learned counsel for the respondent does not claim for it such a construction, but places the breach of the conditions of the bond wholly in the fact that Schermerhorn sold liquor, not having a valid tax certificate. There has been no violation or abuse of any granted privilege, and hence no breach of any conditions of the bond. That there has been a sale made in violation of the provisions of the liquor tax law is true, but not by any one who held

a tax certificate, so the plaintiff claims, and it must follow that the violation was by one who could not give a valid bond,—a bond authorized by the liquor tax law. Would it be different if the application had been refused, and a sale had been made without any pretense to a tax certificate? I think not. I see no difference in the two cases, so far as the principle involved in this action is concerned. The judgment should be reversed, with costs.

Judgment reversed on the law, and new trial granted, with costs to abide the event. All concur.