Present — Van Brunt, P. J. Rumsey, Patterson, O'Brien and McLaughlin, JJ.

Order affirmed, with costs.

----

Third Appellate Department, December, 1900. Reported. 56 App. Div. 582.

Henry H. Lyman, as State Commissioner of Excise, Appellant, v. George H. Mead, Defendant, and Fidelity and Deposit Com- pany of Maryland, Respondent.

Liquor tax certificate—A judgment refusing to vacate it sustained—A surety on the bond is not liable for false statements in the application for the certificate.

In an action upon a bond, given upon an application for a liquor tax certificate, in which it is claimed that the holder of the certificate violated the law by trafficking in liquors within the prohibited distance of a building occupied exclusively as a church, evidence that the holder of the

certificate, who was in possession of the premises for some time before the issuing of the certificate, sold "beer, whiskey and such," unaccompanied by evidence as to when this was done, is not sufficient to justify the Appellate Division in reversing a judgment of the trial court in favor of the surety on the bond.

*Semble*, that material false statements contained in an application for a liquor tax certificate create no liability on the part of the surety on the bond given to procure the same.

APPEAL by the plaintiff, Henry H. Lyman, as State Commissioner of Excise, from a judgment of the Supreme Court in favor of the defendant, the Fidelity and Deposit Company of Maryland, entered in the office of the clerk of the county of Rensselaer on the 31st day of March, 1900, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury at the Rensselaer Trial Term.

*Mead & Stranahan*, for the appellant.

*Boardman, Platt & Soley* and *Francis G. Kimball*, for the respondent.

MERWIN, J. The plaintiff appeals from a judgment dismissing the complaint. The trial was before the court and a jury.

The action is upon a bond given by the respondent upon the application by George H. Mead for a liquor tax certificate. The bond is dated March 12, 1898, and the application and bond were filed and the certificate issued May 5, 1898.

It is alleged in the complaint that, from the date of the issue of the certificate, Mead was engaged in the traffic in liquors under and by virtue thereof at the premises stated in the application.

It was also alleged that in the application there were divers specified material statements that were false, among others, that the building intended to be occupied was not within two hundred feet of a building occupied exclusively as a church. It was specifically alleged that the building was within two hundred feet of a church, and on the trial this was proved beyond doubt.

At the trial, when the plaintiff rested, the defendant moved for a dismissal of the complaint on the ground that there had been no violation of the law shown for which the surety company was liable, and that there was no evidence of any violation of the Liquor Tax Law (Laws of 1896, chap. 112) after the bond took

effect. The plaintiff asked the court to direct a verdict in his favor for the amount of the bond. Thereupon the court granted the motion of the defendant, the judge stating that he thought the plaintiff must be nonsuited, because it had not been shown that Mead ever violated the law by carrying on or trafficking in liquors within the prohibited distance. The plaintiff excepted, but did not ask to go to the jury on any question.

The plaintiff claims that the allegations of the complaint were fully sustained by the proof, and that a verdict should have been directed for the plaintiff.

We may assume that the plaintiff proved that material statements in the application were false. This would not make the defendant liable under the decision of this court in *Lyman* v. *Schermerhorn* (53 App. Div. 33).

The defendant, however, might be liable if it were shown that, after the bond was filed, Mead engaged in traffic in liquors at the place named, it being within two hundred feet of a church, and, therefore, illegal. The defendant claims there was no such proof, and that on this subject the judge decided correctly.

The proof is indefinite on the subject. It may be fairly inferred that Mead was in possession for some time before the issuing of the certificate. The man of whom Mead bought, testified that Mead sold " beer, whiskey and such." He does not state when this was done, whether before the issuing of the certificate, or after, or both, or in what quantities. Mead kept a saloon, but this was not proof of the sale of liquor.

Probably a jury might have inferred from the evidence that Mead sold liquor after he obtained the certificate. The plaintiff, however, did not ask to go to the jury.

In *Dillon* v. *Cockcroft* (90 N. Y. 649) the head note is as follows: " Where, upon a trial the parties do not ask to go to the jury on the facts, but the defendant moves to dismiss the complaint, and the plaintiff moves the court to direct a verdict, this is in effect an agreement to submit the questions of fact to the court, and if there is any evidence to uphold the decision, it will be sustained." (See also, *Tallapoosa Lumber Co.* v. *Holbert,* 5 App. Div. 559; *Smith* v. *Weston,* 159 N. Y. 194; *Prentice* v. *Goodrich,* 1 App. Div. 15.)

The plaintiff not having asked to go to the jury is bound by the decision of the court on the facts. It should not be said as

matter of law that there was no evidence to sustain such decision, or that it was against the evidence.

So I think the judgment must be affirmed.

All concurred.

Judgment unanimously affirmed, with costs.