LYMAN, State Commissioner of Excise, v. KANE et al.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1901.)

INTOXICATING LIQUORS—LIQUOR TAX CERTIFICATE—ISSUANCE—FRAUD—BOND—
    ILLEGAL SALES—LIABILITY OF SURETIES.

> Liquor Tax Law, § 17, subd. 8, requires the applicant for a liquor tax certificate for premises not occupied for that purpose when the law took effect to file with his application the consent of the owners of adjacent dwellings. Section 31 forbids any person to traffic in liquors who has not obtained the required certificate. Section 18 requires each person obtaining such certificate to file a bond for his observance of the law. Defendant obtained a certificate, without filing the consent of neighboring owners, by falsely stating that the premises were occupied for the sale of liquor when the law went into effect. *Held* that, though the entire traffic by the applicant was a violation of the law because of the fraud, there could be no recovery against the surety, since the bond was intended to protect the public against violations of law under a certificate legally issued, and not against fraud in securing the issuance of the certificate.

Appeal from special term.

Action by Henry H. Lyman, as state commissioner of excise, against Timothy Kane and the United States Guarantee Company. From an interlocutory judgment overruling a demurrer, defendants appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

John D. Warner, for appellants.
Mead & Stranahan, for respondent.

WILLIAMS, J. Action brought upon a bond given by defendant Kane, upon procuring a liquor tax certificate, to recover the penalty of the bond, $700. The complaint alleged the making of the application, the giving of the bond, and the issue of the certificate (to traffic in liquor in premises on corner West Fourth and Lake streets, Oswego), on April 29, 1898. It further alleged false statements in the application, viz.: That the applicant might lawfully carry on the traffic in liquor on the premises; that such traffic was lawfully carried on there on March 23, 1896, and premises had been continuously occupied for such traffic from 1886 till after March 26, 1896; that they were actually occupied as stated March 23, 1896, and had been since 1886; and that applicant intended to carry on a bona fide hotel on the premises,—whereas the traffic in liquors was not actually car-

ried on in the premises March 23, 1896, and the premises were not actually occupied as a hotel at that date, and did not conform to the requirements of section 31 of the liquor tax law, no consents required by subdivision 8, § 17, of the law having been filed with the application of the owners of 13 dwellings within the 200 feet, and therefore Kane could not and did not lawfully carry on the traffic in liquor on the premises described in the tax certificate, and did not lawfully obtain such certificate. The complaint further alleged that Kane did traffic in liquors under the certificate at the place designated therein, and that the certificate was finally revoked April 24, 1899, in a proceeding commenced December 9, 1898.

The claim is that the sureties are liable because the traffic was illegal and a violation of the provision of the liquor tax law. The traffic was under a certificate in form authorizing it. The application was in form such as to authorize and require the treasurer to issue the certificate. Still, the certificate was void because in fact the traffic was illegal under the law, the application was false as to the facts, and the certificate afforded no protection to the traffic under it, in view of such facts. That the traffic was in fact illegal and a violation of the provisions of the law cannot be doubted. The premises were not used and occupied as a hotel, and for the traffic in liquor, March 23, 1896, and no consents of the owners of the 13 dwellings within 200 feet of the premises were filed with the application. Under these circumstances, no certificate could legally be issued. If these facts had appeared, the treasurer would have had no power to issue a certificate. Section 19. The provisions as to requiring the consents of the owners of dwellings were made for the benefit of the public, and no mistake, collusion, or fraud on the part of the treasurer or the applicant, or both, could make a certificate or the traffic in liquors legal in a case where such consents were necessary, unless the consents were actually filed. This was such a case, and, the consents not having been filed, the traffic was illegal, whatever the application or certificate may have been. The certificate was therefore void, was procured by the fraud of the applicant, and was no protection against the traffic.

The only question is whether the sureties were liable on the bond for such illegal traffic. The condition of the bond is (so far as we need to quote it here): "If the said liquor tax certificate applied for is given unto the principal, and the said principal will not, while the business for which such liquor tax certificate is given shall be carried on, * * * violate any of the provisions of the liquor tax law, * * * then this obligation," etc. The claim made is that the tax certificate to be given to the principal as a condition of making the sureties liable must be a valid certificate, legally issued, and given to the principal. We think this is clearly correct. The bond is to protect the state with reference to the conduct of the business by the principal under a certificate legally issued to him. It is not intended to protect the state against the fraud of the principal in securing a certificate which is void, and, in effect, no certificate at all. This question, or one entirely like it, was recently passed upon by the Third department, appellate division, in Lyman

v. Schermerhorn, 53 App. Div. 32, 65 N. Y. Supp. 538. The certificate ·there was void because it authorized a person to traffic in liquors who had been convicted of a felony. The statute forbade this (section 23), and required the applicant to state in his application that he had not been so convicted. Section 17, subd. 5. The report of the case does not state what the application contained on this subject, if anything. If it did not comply with the statute, the treasurer had no right to issue the certificate. Section 19. If the application stated falsely the fact with reference to the question, then the certificate was procured to be issued by the fraud of the applicant. It was equally invalid in either event. The public could not have the applicant forced upon them as a trafficker in liquor, whatever the application of certificate contained. The fact of conviction for felony made all traffic in liquor by the applicant illegal and a violation of the law. The court in that case held that the sureties were not liable for such illegal traffic because of the invalidity of the certificate. We fully concur in the reasons given in that case for holding the sureties not liable, and regard the rules of law there laid down as applicable to this case. We are here dealing with a case where the right to recover is based upon the illegality of the certificate. If the certificate was legal, the cause of action would not exist. We do not intend to lay down any principle of law under which a surety could allege the invalidity of a certificate to defeat a cause of action not based upon the illegality of the certificate.

The judgment appealed from should therefore be reversed, with costs, and judgment be ordered sustaining the demurrer to the complaint, with costs, and with leave to plead over upon payment of costs. All concur.