## MUTUAL MANUFACTURING COMPANY *v.* ALPAUGH
### ET AL.

[No. 21,473. Filed April 7, 1910. Rehearing denied June 22, 1910.]

1. APPEAL. — *Jurisdiction.* — *Constitutional Question.* — Where a question of constitutional law is involved in an appeal, jurisdiction of such appeal is in the Supreme Court. p. 383.
2. CONSTITUTIONAL LAW.—*Citizens.*—*Corporations.*—A corporation is not a citizen within the meaning of section one of the 14th amendment to the federal Constitution, relating to the abridgement of the privileges and immunities of citizens, and such privileges and immunities relate wholly to those conferred by the federal government. p. 383.
3. CONSTITUTIONAL LAW.—*Federal Privileges and Immunities of Citizens.*—Under the 14th amendment to the federal Constitution guaranteeing equal privileges and immunities, a citizen is not given the right to enjoy, within his state, the privileges granted by another state to its citizens; nor has he the right to enjoy, in another state, the privileges granted him in his state. p. 384.
4. CONTRACTS.—*Lex Loci Contractus.*—*Lex Solutionis.*—*Estoppel.* —*Plea in Abatement.*—*Special Findings.*—Where defendants pleaded in abatement to an action for goods sold and delivered under a written contract, that the contract was executed in Indiana to be performed in Canton, Ohio, they are estopped to con-

tend that such contract was an Indiana contract; and a failure of the special findings to show that such contract was an Indiana contract is fatal to a judgment for defendants on such plea. p. 384.

5. CORPORATIONS.—*Foreign.*—*Right to do Business in State.*—*Statutes.*—*Repeal.*—Sections 4099, 4101, 4102 Burns 1908, §§3023, 3025, 3026 R. S. 1881, providing the requirements for foreign corporations that desire to transact business in this State, were probably repealed by §§4089, 4094 Burns 1908, Acts 1907 p. 286, §§2, 9. pp. 385, 387.

6. CORPORATIONS.—*Foreign.*—*Transaction of Business.*—*Conditions Precedent.*—*Sales by Traveling Salesmen.*—Section 4086 Burns 1908, Acts 1907 p. 286, §2, providing that when a foreign corporation desires to transact business within this State for profit, or to exercise any corporate powers, it shall conform to certain requirements, does not apply to business transacted by a traveling salesman in taking orders, in this State, in the usual manner for goods manufactured and sold, by a foreign corporation, to be delivered without the State. p. 385.

7. CORPORATIONS.— *Foreign.*— *Conditions Precedent to Transaction of Business.*—*Statutes.*—The State may impose conditions precedent upon the right of a foreign corporation to transact business within its territory. p. 386.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by the Mutual Manufacturing Company against Theron B. Alpaugh and another. From a judgment for defendants, plaintiff appeals. *Reversed.*

*James C. Branyan* and *Wilbur E. Branyan,* for appellant. *Cline & Cline,* for appellees.

MYERS, J.—Appellant instituted this action in the Huntington Circuit Court to recover for merchandise sold and delivered to appellees under a written order. Appellees filed a plea in abatement, alleging that the contract for the goods was entered into in the city of Andrews, Indiana, to be performed in the city of Canton, Ohio; that the contract on the part of appellant, a nonresident corporation organized for profit, was entered into by and through its agent, and that no application had been made by appellant, for or in behalf of its agent, to the Secretary of State of the State of Indiana for the transaction of business, and negativing

the provisions of §§4086-4090 R. S. 1908, Acts 1907 p. 286, §§2-5½, and alleging a failure to comply with any and all requirements of the statutes with reference to foreign corporations doing business for profit within this State. To this plea a demurrer was overruled, exception reserved, and a reply filed, alleging that appellant is a corporation organized under the laws of the Territory of Arizona, and having its principal offices in that territory; that the appellant owned no property or place of business in Indiana, and had no permanent agent or agency therein, either at the time of or after making the contract for the goods, but that the contract was made through a traveling salesman; that the goods were to be manufactured in Ohio and delivered in the State of Ohio, and payment therefor was to be made at Canton, Ohio; that appellant was engaged in commerce between the State of Indiana and the State of Ohio, and is not required, to sustain the action, to comply with any statute of the State of Indiana.

There was a trial, and special finding of facts, and conclusions of law, stated on this plea in abatement, and judgment that the action abate.

Error is here assigned upon the action of the court in overruling the demurrer to the plea in abatement, and in each conclusion of law.

Jurisdiction of this appeal is conferred upon this court by the constitutional question raised by appellant, that if the statute must receive the construction placed upon

1. it by the court below it is unconstitutional, as violative of the privileges and immunities clause of §1 of the 14th amendment, of article 4, §2, and of the interstate commerce clause (article 1, §8) of the federal Constitution.

A corporation is not a citizen within the first section of the 14th amendment to the federal Constitution, relating to the abridgment of privileges and immunities of

2. citizens. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, and cases cited; *Farmers, etc.,*

*Ins. Co.* v. *Harrah* (1874), 47 Ind. 236; *Norfolk, etc., R. Co.* v. *Pennsylvania* (1890), 136 U. S. 114, 10 Sup. Ct. 958, 34 L. Ed. 394; *Paul* v. *Virginia* (1868), 8 Wall. (U. S.) 168, 19 L. Ed. 357; *Pembina, etc., Milling Co.* v. *Pennsylvania* (1888), 125 U. S. 181, 8 Sup. Ct. 737, 31 L. Ed. 650.

The privileges and immunities clause refers to the privileges and immunities of citizens of the United States arising out of the nature and essential character of the federal government, and granted by the federal Constitution. *Duncan* v. *Missouri* (1894), 152 U. S. 377, 14 Sup. Ct. 570, 38 L. Ed. 485.

A citizen is not given a right under this clause to enjoy, within his own state, the privileges which citizens of other states enjoy under the laws of those states (*McKane*

3. v. *Durston* [1894], 153 U. S. 684, 14 Sup. Ct. 913, 38 L. Ed. 867) ; nor the right to enjoy in another state, privileges which he enjoys in his home state. *Detroit* v. *Osborne* (1890), 135 U. S. 492, 10 Sup. Ct. 1012, 34 L. Ed. 260; *Slaughter-House Cases* (1872), 16 Wall. 36, 21 L. Ed. 394; *Corfield* v. *Coryell* (1823), 4 Wash. C. C. 371, 380, Fed. Cas. No. 3,230. The court found the facts as set up in the plea in abatement, and the reply thereto. Upon this finding the court concluded, as a matter of law, that the action should abate, and rendered judgment accordingly.

By the terms of the written contract, the goods were to become the property of appellees when delivered to the carrier at Canton, Ohio, and transportation charges were

4. to be paid by appellees. The goods were to be paid for on arrival, by acceptance payable at Canton, Ohio, or in cash, if acceptances were not sent. The authority of the agent was limited to making agreements and taking orders on printed blanks. The plea in abatement alleges that the contract was made in Indiana "to be performed by defendants in said city of Canton, Ohio." It thus appears that it was a simple order for merchandise, and a contract to be performed in Ohio, and appellees cannot now be heard

to say that it was an Indiana contract. It is not found that it was a contract made in Indiana. This was an essential requisite of the plea and of the finding. *Finch* v. *Travelers Ins. Co.* (1882), 87 Ind. 302.

Section 4102 Burns 1908, §3026 R. S. 1881, defining who are agents within the purview of the act, was in force from May 6, 1853, until April 10, 1907, as were also §§4099-4101 Burns 1908, §§3023-3025 R. S. 1881, and it was held in the case of *Walter A. Wood, etc., Mach. Co.* v. *Caldwell* (1876), 54 Ind. 271, that the act was intended to apply to such corporations only as established permanent agencies in this State for the purpose of doing that character of business that might make them debtors of the citizens of this State, and furnish the means of proceeding against them personally; and as the court there held that the section as to denying the right to maintain suits applied, we assume that it was upon the ground that a permanent agency was shown.

The case of *Toledo, etc., Co.* v. *Glen Mfg. Co.* (1896), 55 Ohio St. 217, 45 N. E. 197, arose under a very similar statute, and it was there held that the statute did not apply to traveling agents selling and delivering goods manufactured without the state, a distinction being drawn between the establishment of the corporation in a state directly, or through agents, for the performance of its business generally, involving the exercise of its corporate franchises, and selling through traveling agents and delivery of goods manufactured outside the state. To the same effect are the cases of *Murphy Varnish Co.* v. *Connell* (1894), 10 Misc. (N. Y.) 553, 32 N. Y. Supp. 492, *American Broom, etc., Co.* v. *Addickes* (1896), 19 Misc. (N. Y.) 36, 42 N. Y. Supp. 871, *National Knitting Co.* v. *Bronner* (1897), 20 Misc. (N. Y.) 125, 45 N. Y. Supp. 714, and *Tallapoosa Lumber Co.* v. *Holbert* (1896), 5 App. Div. 559, 39 N. Y. Supp. 432.

We are referred to the case of *John Deere Plow Co.* v. *Wyland* (1904), 69 Kan. 255, as holding a similar act valid on the ground that it is only a restriction on the right to resort to the courts. This case and the case of *D. M. Osborne & Co.* v. *Shilling* (1906), 74 Kan. 675, are not in conflict with our conclusions here, for the reason that in each of those cases there was a resident agent in the State of Kansas.

Section 4092 Burns 1908, Acts 1907 p. 286, §7, seems to make it quite clear that the phrase "transacting business or exercising its corporate powers or franchise" in section two of said act (§4086 Burns 1908) or appointing agents to do business under said §4086, or §4089 Burns 1908, Acts 1907 p. 286, §5, or imposing these conditions as prerequisites to enforcing contracts under §4101, *supra,* or §4094 Burns 1908, Acts 1907 p. 286, §9, does not apply to cases like the one before us, but to cases where a corporate situs or domicil is sought in this State, or, in the language of the act, where a "principal business office" or a permanent agency is located.

A foreign corporation could not complain of a statute which required that it should file its effective assent to the institution of suits against it by citizens of this State

7. by service on its agents or upon some other available person, as to business transacted in this State, as a condition precedent to its right to resort to the courts of this State.

Our conclusions are not in conflict with the cases holding that the State may prescribe conditions upon which a foreign corporation may do business in this State. The statute (§4086, *supra*), has prescribed the conditions, and they do not apply to a case of the character of the one before us.

There is a reason in imposing a tax on the property of foreign corporations doing business in this State, or requiring a license to exercise corporate powers or franchises within the State, and in requiring corporations to assent to

jurisdiction of our courts as a condition of their rights to resort to them, to equalize the burden of all in the support of government, and in furnishing equal facilities to non-residents, and to our own citizens in the enforcement of their rights, but to give said statute the application and force insisted upon by appellees—requiring an agent to be appointed in every instance in which a bill of goods is sold—would be so manifestly unreasonable that only the legislative declaration to that effect would justify such construction.

We think it must be held, upon the facts in this case, that the statute does not apply. The judgment is reversed, with instructions to the court below to sustain the demurrer to the plea in abatement, and for further proceedings not inconsistent with this opinion.

## ON PETITION FOR REHEARING.

MYERS, J.—The original opinion in this case is possibly subject to some misconception by reason of our reference to §4099 Burns 1908. Our impressions, from the matter contained in the plea in abatement and the briefs of counsel, were that they were treating §§4099, 4101, 4102 Burns 1908, §§3023, 3025, 3026 R. S. 1881, as in force, as special stress was laid upon the last two sections by counsel for appellees, without any suggestion by either counsel that any one of these three sections was not in force, and, owing to that understanding, certain statements appear in the original opinion which were intended to cover appellees' views as we understood them. In their brief on petition for a rehearing counsel disclaim any such views. Reference was made to said §4099, along with other sections, for the purpose of calling attention to the adjudications under them, but as to said §4099 there was an inadvertence of statement as to its being in force. The section was probably repealed by §§4089, 4098 Burns 1908, Acts 1907 p. 286, §§5, 13, and the same thing

is probably true as to §4101, *supra,* which seems to be fully covered by the new section (§4094 Burns 1908, Acts 1907 p. 286, §9). Section 4102, *supra,* seems simply to undertake to define who are agents, under §4099, *supra,* and is meaningless without it, for it is manifest under said §4089 that the agent or attorney in fact referred to in that section need not do anything, but the section refers to an agent or attorney upon whom service may be made. Our opinion, however, was not based upon the proposition whether §§4099, 4101, 4102, *supra,* or either of them, is in force, but upon the proposition that appellees do not by their plea in abatement, nor does the court by its findings, make a cause for abatement under any statute, and the opinion is modified by the change of a word or two to make that feature of it plain, and the petition for a rehearing is overruled.