WRIGHT ET AL. *v.* J. R. WATKINS COMPANY ET AL.

[No. 12,880. Filed January 26, 1928.]

1. PLEADING.—*Sufficiency of complaint cannot be first attacked on appeal.*—Since the enactment of Acts 1911 p. 415, requiring a memorandum with each demurrer questioning the sufficiency of a pleading for want of facts, the sufficiency of a complaint may not first be attacked on appeal, for the statute expressly provides that, unless the sufficiency of the complaint is attacked by demurrer in the manner therein prescribed, the question is waived. p. 697.

2. PLEADING.—*Sufficiency of complaint cannot be questioned by, motion in arrest of judgment.*—Section 362 Burns 1926, since its amendment in 1911 (Acts 1911 p. 415), expressly provides that all objections to the sufficiency of a complaint to state a cause of action are waived by failing to demur thereto; hence, any such objection cannot be raised by a motion in arrest of judgment. p. 698.

3. CORPORATIONS.—*Complaint by foreign corporation on cause of action arising in this state.*—When a foreign corporation sues on a cause of action arising out of its transaction of business in this state, it will be presumed that the company was authorized to do business here at that time, and it is not necessary to allege that fact in the complaint. p. 698.

4. CORPORATIONS.—*Foreign corporation engaged in interstate commerce not required to comply with state laws.*—A foreign corporation that is engaged in interstate commerce in Indiana is not required to comply with the foreign corporations laws of the state (§§4909-4922 Burns 1926). p. 698.

5. PRINCIPAL AND SURETY.—*Complaint against sureties held good without averment of notice of principal's default.*—In an action against sureties on a contract obligating them to pay for goods furnished to their principal, a complaint is good without an averment that they were notified of their principal's default, and, therefore, would withstand a motion in arrest of judgment. p. 699.

6. PRINCIPAL AND SURETY.—*Persons unconditionally agreeing to pay a debt are sureties and not guarantors.*—Persons joining with an agent in a contract in which they unconditionally agree to pay the agent's existing debt for goods sold to him and for other goods thereafter purchased by him are sureties and not guarantors, and, therefore, not entitled to notice of the agent's default. p. 699.

7. NEW TRIAL.—*Right to move for new trial waived by filing motion in arrest of judgment.*—Parties who filed a motion in

arrest of judgment thereby waived their right to file a motion for a new trial. p. 699.

8. APPEAL.—*Questions raised by motion for new trial not considered when motion in arrest of judgment preceded former motion.*—Where parties, by filing a motion in arrest of judgment, waived their right to file a motion for a new trial, the questions presented by their motion for a new trial will not be considered on appeal. p. 699.

From Henry Circuit Court; *J. A. Hinshaw,* Judge.

Action by the J. R. Watkins Company against George C. Wright and others. From a judgment for plaintiff, the defendant Wright and another appeal. *Affirmed.* By the court in banc.

*McDaniel & Myers,* for appellants.
*John H. Kiplinger* and *Paul Brown,* for appellee.

NICHOLS, J.—Action by appellee Watkins company against appellee Douthitt and appellants, on a contract executed by appellee Watkins company, a corporation, and appellee Douthitt. The Watkins company agreed in said contract to sell Douthitt certain goods, wares and merchandise at an agreed price therefor, for which Douthitt agreed to pay, and further, in said contract it was agreed that, at the time of the execution of the same, December 1, 1921, Douthitt owed the Watkins company $1,128.90, and, by the terms of said contract, the time for the payment of said indebtedness was extended to March 1, 1923. Appellants jointly and severally and unconditionally agreed to pay to appellee Watkins company the said sum of $1,128.90, and for other goods and articles as provided by the terms of the contract.

The complaint alleges that, in addition to the $1,128.90, the sum of $326.94 is also owing to appellee Watkins company for goods, wares and merchandise shipped to Douthitt. That there is due and owing to

appellee Watkins company the sum of $1,454.75, with interest thereon from March 1, 1923.

To the complaint, appellants and appellee Douthitt answered in general denial and also a second paragraph of answer alleging payment. Appellant Peck also filed a cross-complaint alleging that he was only surety for appellee Douthitt and asking that the question of suretyship be adjudicated. To the second paragraph of answer and to the cross-complaint, the Watkins company replied in general denial.

A trial by court resulted in a finding for appellee Watkins company, that Douthitt owed said appellee $1,742.41, and that, for $1,734.92 of said sum, appellants were also liable; that appellant Peck was surety only on the contract, and that if he should pay the judgment rendered, he should have the benefit thereof against appellee Douthitt and appellant Wright. Appellants' motion in arrest of judgment was overruled, after which judgment following the finding was rendered against Douthitt and appellants, and for appellant Wright on his cross-complaint averring suretyship. From the judgment on the complaint, after appellants' motion for a new trial was overruled, this appeal, appellants assigning the errors hereinafter considered.

Appellants undertake first to present that the complaint does not state facts sufficient to state a cause of action. But they failed to demur to the complaint, and it is well settled that a complaint may not first be so attacked on appeal. *Riley* v. *First Trust Co., Admr.* (1917), 65 Ind. App. 577, 117 N. E. 675; *Malone, Trustee,* v. *Kitchen* (1922), 79 Ind. App. 119, 137 N. E. 562; *Hedekin Land, etc., Co.* v. *Campbell* (1916), 184 Ind. 643, 112 N. E. 97. Further, no such objection having been stated by demurrer, it is expressly provided by ch. 125, Acts 1911, that it is deemed thereafter to be waived.

The only valid grounds which appellants present for their motion in arrest of judgment is that the complaint does not state facts sufficient to state a cause of action, but, as stated above, this objection has been waived by the failure of appellants to demur to the complaint for that reason. However, the appellants were not harmed by the waiver. As one of their proper grounds for their motion in arrest of judgment, appellants undertake to present that it appears by the complaint that the appellee Watkins company was a foreign corporation and that there are no facts alleged in the complaint that it was qualified to transact business in the state. They argue that a demurrer for want of facts puts in issue the plaintiff's right to sue. But there was no demurrer for want of facts, and, as stated above, the questions that would have been presented thereby are waived. Even if the question were presented, appellants could not prevail. Had the complaint been silent as to appellee's right to sue in the state, it is presumed that a foreign corporation has fully complied with the laws of the state in this regard. *Sprague* v. *Cutter, etc., Lumber Co.* (1886), 106 Ind. 242, 6 N. E. 335.

But, it appears by the exhibit to the complaint that the contract in question was a Minnesota contract, that the goods were shipped F. O. B. Winona, Minnesota, and that appellants promised to pay appellee at Winona, Minnesota. Appellee Watkins company was not doing business within the state; by its transaction, it was engaged in interstate commerce, and it was not, therefore, required to comply with the foreign corporations laws of the state. *Mutual Mfg. Co.* v. *Alpaugh* (1910), 174 Ind. 381, 91 N. E. 504, 92 N. E. 113; *J. R. Watkins Med. Co.* v. *Halloway* (1914), 182 Mo. App. 140, 168 S. W. 290; *J. R. Watkins Med.*

MAY TERM, 1927. 699

Scott Constr. Co. *v.* Cobb—86 Ind. App. 699.

*Co.* v. *Hunt* (1920), 104 Nebr. 266, 177 N. W. 462; *J. R. Watkins Med. Co.* v. *Hogue* (1919), 138 Ark. 105, 210 S. W. 628; *Buck Stove & Range Co.* v. *Vickers* (1912), 226 U. S. 205, 35 Sup. Ct. 41, 57 L. Ed. 189.

Under this assignment, they also undertake to present that they were not notified of Douthitt's default. This question could not be raised by motion in arrest, as against the complaint, for an averment of such notice was not necessary to make the complaint good, and by failing to answer want of notice of such default, appellants have waived the question. But that appellants were sureties and not entitled to notice of default, and not guarantors, see *Hess* v. *J. R. Watkins Medical Co.* (1919), 70 Ind. App. 416, 123 N. E. 440.

Appellants having filed their motion in arrest of judgment thereby waived their right to file a motion for a new trial. *Eckert* v. *Binkley* (1893), 134 Ind. 614, 33 N. E. 619, 34 N. E. 441; *Yazel* v. *State* (1908), 170 Ind. 535, 84 N. E. 972; *School City of Noblesville* v. *Heinzman* (1895), 13 Ind. App. 195, 41 N. E. 464; *New Hampshire Fire Ins. Co.* v. *Wall* (1905), 36 Ind. App. 238, 75 N. E. 668. We do not, therefore, consider questions which appellants undertake to present by such motion. We find no reversible error.

Affirmed.