CENTRAL BERGAN SUPPLY CO., INC., Plaintiff, *v.* V. L. CONSIGLIO, INC., Defendant.

Supreme Court, Rockland County, November 17, 1961.

*Joseph B. Franklin* for plaintiff. *Andrew Codispoti* for defendant.

CLARE J. HOYT, J. Plaintiff, a New Jersey corporation, which has not obtained a certificate of doing business in New York State, sold the defendant in New York State on open account merchandise of the value of $7,345.05. Payments were made on account and a balance of $2,000 remained unpaid evidenced by promissory notes due and payable to the plaintiff from the defendant. The notes had an acceleration clause, and upon the nonpayment of the note, due August 10, 1961, in the amount of $1,000, it and a subsequent note became at once due and payable. Both notes were dishonored, protested and notice of protest duly served on defendant.

An action was thereupon commenced for the balance due on these notes of $2,000 plus protest fees of $1.50 with interest from April 10, 1961.

The defendant's answer consists of a general denial and by an amended answer defendant interposes as a complete affirmative defense the allegation that plaintiff is a foreign corporation doing business in New York State without a certificate.

The plaintiff now moves for summary judgment and by the affidavit of its president sets forth the facts and circumstances surrounding the execution of the notes, establishing the balance due on them, and further particularizes the business activities of plaintiff corporation in New Jersey and the limit of its activities in New York State.

Defendant corporation submits no affidavit in opposition by its officers, only one from its attorney in opposition, and this affidavit does not question the execution and delivery of the notes but merely cites section 218 of the General Corporation Law and relies on the conclusion that plaintiff is doing business in New

York and thus barred from maintaining this action. No facts are set forth in this affidavit in opposition establishing the extent of plaintiff's business activities in New York State.

Plaintiff's motion for summary judgment is granted. The court is not unmindful of the decision in *Balmer Co.* v. *Mallamo* (142 Misc. 100) where suit was brought by a foreign corporation on a note executed and delivered in Rockland County wherein the court held that in view of the affirmative defense of doing business in the State, the foreign corporation would not be granted summary judgment.

Were suit here brought upon the open account and had the defendant by affidavit set forth facts raising a question as to the extent of plaintiff's business in the State, the motion would be denied. Here, however, the plaintiff is suing on a negotiable instrument, a unilateral contract made by the defendant and is not suing for merchandise or goods delivered by it in the State. *Tallapoosa Lbr. Co.* v. *Holbert* (5 App. Div. 559 [3d Dept., 1896]) is authority for the proposition that the execution and delivery of a note to a foreign corporation does not constitute doing business within the State. The defendant, through the affidavit of its attorney, sets forth no facts establishing or even tending to show that plaintiff did business in New York State other than the execution and delivery of the note.