Per Curiam.

Plaintiff failed to make out a prima facie case for reimbursement of expenses voluntarily incurred when he engaged a veterinarian to treat a dog which had come in contact with his automobile or for the legal expenses incurred in defending an action subsequently instituted by the veterinarian for services rendered. These indebtednesses do not constitute property damage liability “ [for] .sums which the insured shall become legally obligated to pay as damages ’ ’ within the purview of the insurance contract here involved. Although the duty of an insurer to undertake the defense of its assured may be broader than the duty to pay (Goldberg v. Lumber Mut. Cas. Co., 297 N. Y. 148, 154) the obligation arises only when the action commenced against the assured alleges facts which bring it within the coverage of the policy. (Grand Union Co. v. General Acc., Fire & Life Assur. Corp., 254 App. Div. 274, affd. 279 N. Y. 638; Mason-Henry Press v. Ætna Life Ins. Co., 211 N. Y. 489; Lekas Corp. v. Travelers Ins. Co., 1 App. Div. 15; Pow-Well Plumbing & Heating v. Merchants Mut. Cas. Co., 195 Misc. 251; Soper v. Fidelity & Cas. Co. of N. Y., 198 Misc. 1117.)
The judgment should be unanimously reversed, without costs, and complaint dismissed.
Concur — Di Giovaníta, Margett and Soh wartzwald, JJ.
Judgment reversed, etc.