LYMAN, State Excise Com'r, v. MEAD et al.

(Supreme Court, Appellate Division, Third Department. December 7, 1900.)

1. LIQUOR TRAFFIC—BOND—APPLICATION—FALSE STATEMENT—SURETY—LIABILITY
    That an application for a liquor tax certificate falsely stated that the building intended to be occupied for the sale of liquor was not within the prohibited distance of a church did not render the surety on the applicant's bond liable for the making of the false statement, since the bond is only an assurance that the law will be observed in the trafficking in liquor.

2. SAME—SELLING LIQUOR—EVIDENCE.
    Violation of the law prohibiting the sale of liquor within a certain distance of a church was not shown by evidence that defendant kept a saloon within such distance.

3. TRIAL—DIRECTION OF VERDICT—MOTION BY BOTH PARTIES—DECISION OF COURT—EVIDENCE.
    Where neither party asked to go to the jury, and defendant moved to dismiss the complaint, and plaintiff moved that a verdict be directed, it amounted to an agreement to submit the issue to the court; and hence the court's decision will not be disturbed, where there is any evidence to sustain it.

Appeal from trial term.

Action by Henry H. Lyman, as state commissioner of excise, against George H. Mead and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Mead & Stranahan, for appellant.
Boardman, Platt & Soley, for respondent.

MERWIN, J. The plaintiff appeals from a judgment dismissing the complaint. The trial was before the court and a jury. The action is upon a bond given by the respondent upon the application by George H. Mead for a liquor-tax certificate. The bond is dated March 12, 1898, and the application and bond were filed and the certificate issued May 5, 1898. It is alleged in the complaint that, from the date of the issue of the certificate, Mead was engaged in the traffic in liquors, under and by virtue thereof, at the premises stated in the application. It was also alleged that in the application there were divers specified material statements that were false,—among others, that the building intended to be occupied was not within 200 feet of a building occupied exclusively as a church. It was specifically alleged that the building was within 200 feet of a church, and on the trial this was proved beyond doubt. At the trial, when the plaintiff rested, the defendant moved for a dismissal of the complaint on the ground that there had been no violation of the law shown, for which the bond of the surety company was liable, and that there was no evidence of any violation of the liquor tax law after the bond took effect. The plaintiff asked the court to direct a verdict in his favor for the amount of the bond. Thereupon the court granted the motion of the defendant; the judge stating that he thought the plaintiff must be nonsuited, because it had not been shown that Mead ever violated the law by carrying on the traffic in liquors within the prohibited distance. The plaintiff excepted, but did not ask to go to the jury on any question. The plaintiff claims that the allegations of the complaint were fully sustained by the proof, and that a verdict should have been directed for the plaintiff.

We may assume that the plaintiff proved that material statements in the application were false. This would not make the defendant liable under the decision of this court in Lyman v. Schermerhorn, 53 App. Div. 33, 65 N. Y. Supp. 538. The defendant, however, might be liable if it were shown that, after the bond was filed, Mead engaged in traffic in liquors at the place named; it being within 200 feet of a church, and therefore illegal. The defendant claims there was no such proof, and that on this subject the judge decided correctly. The proof is indefinite on the subject. It may be fairly inferred that Mead was in possession for some time before the issuing of the certificate. The man of whom Mead bought testified that Mead sold "beer, whisky, and such." He does not state when this was done,—whether before the issuing of the certificate, or after, or both, or in what quantities. Mead kept a saloon, but this was not proof of sale of liquor. Probably a jury might have inferred from the evi-

dence that Mead sold liquor after he obtained the certificate. The plaintiff, however, did not ask to go to the jury. In Dillon v. Cockcroft, 90 N. Y. 649, the headnote is as follows:

"Where upon a trial the parties do not ask to go to the jury on the facts, but the defendant moves to dismiss the complaint, and the plaintiff moves the court to direct a verdict, this is, in effect, an agreement to submit the questions of fact to the court; and, if there is any evidence to uphold the decision, it will be sustained."

See, also, Lumber Co. v. Holbert, 5 App. Div. 559, 39 N. Y. Supp. 432; Smith v. Weston, 159 N. Y. 194, 54 N. E. 38; Prentice v. Goodrich, 1 App. Div. 15, 36 N. Y. Supp. 740.

The plaintiff, not having asked to go to the jury, is bound by the decision of the court on the facts. It should not be said, as matter of law, that there was no evidence to sustain such decision, or that it was against the evidence. So I think the judgment must be affirmed.

Judgment unanimously affirmed, with costs. All concur.