IN THE

# SUPREME COURT

OF THE

## STATE OF IDAHO.

(May 9, 1905.)

BELLE CITY MANUFACTURING COMPANY v. FRIZ-
ZELL.

[81 Pac. 58.]

FOREIGN CORPORATIONS—DOING BUSINESS WITHIN THIS STATE—STAT-
UTE—INTERSTATE COMMERCE—FILING ARTICLES OF INCORPORATION
—DESIGNATING AGENT UPON WHOM SERVICE OF PROCESS MAY BE
MADE.

1. A foreign corporation that manufactures farm machinery in
another state and sells the same to citizens of this state upon
orders to be approved by it, taken either by a local or transient
agent, and if approved the machinery to be shipped into the state
pursuant to such order, does not come within the provisions of
section 2653 of the Revised Statutes as amended by act approved
March 10, 1903 (Sess. Laws 1903, p. 49).

2. Such corporation so making sales is not required by the pro-
visions of said section to have a designated place of business in
this state or to file its articles of incorporation with the county
recorder and Secretary of State, or designate an agent upon whom
service of process may be made.

3. Business conducted as shown by the facts in this case is
simply interstate commerce. It was intercourse and traffic result-
ing in the purchase and sale of farm machinery and not the
"doing of business" within the meaning of that phrase as used
in said section 2653, Revised Statutes.

4. The legislature cannot impose conditions or limitations upon
the right of a foreign corporation to make contracts in the state
for carrying on interstate commerce between the states.

5. The provisions of the above section were not intended to,
and do not, interfere, with interstate commerce, but apply only to
corporations actually doing or conducting business within the
state.

6. A state legislature is prohibited from placing any restrictions upon interstate commerce; that power is reserved to Congress.

(Syllabus by the court.)

APPEAL from the District Court of Latah County. Honorable Edgar C. Steele, Judge.

Action to recover the purchase price for a threshing machine outfit. Judgment for the plaintiff. Affirmed.

Stewart S. Denning, for Appellant.

Manufacturing corporations and all other corporations whose business is of local and domestic nature are subject to the control of the state. (*Crutcher v. Kentucky,* 141 U. S. 47, 11 Sup. Ct. Rep. 851, 35 L. ed. 649; *Coe v. Errol,* 116 U. S. 517, 6 Sup. Ct. Rep. 475, 29 L. ed. 715.) And this irrespective of the proposition that a part of the business of such manufacturing corporation may be the sale of the products in other states. (*United States v. E. C. Knight Co.,* 156 U. S. 1, 15 Sup. Ct. Rep. 249, 39 L. ed. 325; *Hopkins v. United States,* 171 U. S. 578, 19 Sup. Ct. Rep. 40, 43 L. ed. 290; *John Deere Plow Co. v. Wyland,* 69 Kan. 245, 76 Pac. 863, and cases cited.) Plaintiff was "transacting business" in the state of Idaho under the contract. (*Connecticut Mut. Ins. Co. v. Spratley,* 172 U. S. 602, 19 Sup. Ct. Rep. 309, 43 L. ed. 569; *Cooper Mfg. Co. v. Ferguson,* 113 U. S. 727, 5 Sup. Ct. Rep. 739, 28 L. ed. 137; *Farrior v. New England Mg. Sec. Co.,* 88 Ala. 275, 7 South. 200; *Commonwealth v. Standard Oil Co.,* 101 Pa. St. 119; *Santa Clara Female Academy v. Sullivan,* 116 Ill. 375, 56 Am. Rep. 776, 6 N. E. 183; *Oshkosh W. W. Co. v. City of Oshkosh,* 187 U. S. 437, 23 Sup. Ct. Rep. 234, 47 L. ed. 240; *Pennsylvania Co. v. Bauerle,* 143 Ill. 459, 33 N. E. 166; *Chattanooga Nat. Bldg. etc. Assn. v. Denson,* 189 U. S. 408, 23 Sup. Ct. Rep. 630, 47 L. ed. 870; *Diamond Glue Co. v. United States Glue Co.,* 187 U. S. 611, 23 Sup. Ct. Rep. 206, 47 L. ed. 328.) Only laws passed after a contract has come into existence can impair its obligation. (*Edwards v. Kearzey,* 96 U. S. 595, 24 L. ed. 793; *Deeny v. Ben-*

*net,* 128 U. S. 489, 9 Sup. Ct. Rep. 134, 32 L. ed. 491; Rapalje & Lawrence's Law Dictionary, 935; Anderson's Law Dictionary, 754; *Johnson v. Fay,* 16 Gray, 144; *Commonwealth v. Bennett,* 108 Mass. 30, 11 Am. Rep. 304; *Baker v. Johnson,* 2 Rob. (N. Y.) 570; *Smith v. Morrison,* 22 Pick. 430; *Stine v. Bennett,* 13 Minn. 153; *Logan v. State,* 3 Heisk. (Tenn.) 442; *Hill v. State,* 5 Lea, 725; *In re Kemeys,* 56 Hun, 1117; *Jones v. Hutchinson,* 43 Ala. 721; *Chumasero v. Potts,* 2 Mont. 242; *Waterman v. Philadelphia,* 33 Pa. St. 202; *Diamond Glue Co. v. United States Glue Co.,* 187 U. S. 611, 23 Sup. Ct. Rep. 206, 47 L. ed. 328.) A foreign corporation finding itself within the state of Idaho, as a matter of grace, could not, by its own act, acquire any right as against the state to continue its domicile therein. (*State ex rel. Crow v. Firemen's Fund Ins. Co.,* 152 Mo. 1, 52 S. W. 595, 45 L. R. A. 363; *Doyle v. Continental Ins. Co.,* 94 U. S. 535, 24 L. ed. 148; *Connecticut Mut. Ins. Co. v. Spratley,* 172 U. S. 602, 19 Sup. Ct. Rep. 309, 43 L. ed. 569; *Fletcher v. Peck,* 6 Cranch, 87, 3 L. ed. 162; *Bedford v. Eastern Bldg. etc. Assn.,* 181 U. S. 227, 21 Sup. Ct. Rep. 597, 45 L. ed. 834; *Chattanooga Nat. Bldg. etc. Assn. v. Denson,* 189 U. S. 408, 23 Sup. Ct. Rep. 630, 47 L. ed. 870.) The contract having been made after the passage and publication of the statute, it was necessarily made with a view to the statute and subject to its terms. (*Ford v. Chicago Mutual Assn.,* 155 Ill. 166, 39 N. E. 651, 27 L. R. A. 298; *Pinney v. Nelson,* 183 U. S. 144, 22 Sup. Ct. Rep. 52, 46 L. ed. 125; *Stine v. Bennett,* 13 Minn. 153.) The following case was decided by the supreme court of the United States on the twentieth day of February, 1905: *Allen et al. v. Alleghany Co.,* 196 U. S. 458, 25 Sup. Ct. Rep. 311, 49 L. ed. 553.

Orland & Smith, for Respondent.

The contention of the respondent is, that it is not necessary to file its articles nor appoint an agent, for the reason that it is not doing business in the state of Idaho within the meaning of the act of March 10, 1903; that it is engaged in interstate business, and that this act does not apply to foreign corporations selling its manufactured wares in the state of

Idaho; that if the act does apply to sales of this kind, the selling of its manufactured products to citizens of the state, then the act is void, being in conflict with the provisions of section 8 of article 1 of the constitution of the United States, under the following provisions, "To regulate commerce with foreign nations, and among the several states," and violative of the principles of interstate commerce. This respondent has no place of business in the state of Idaho, and never has had, and only sold this single machine in the state during the year. ' So far as this transaction is concerned, it is purely interstate commerce; the machine was manufactured in Wisconsin, and shipped directly from the manufacturer without the state to the appellant within the state of Idaho. (17 Am. & Eng. Ency. of Law, 2d ed., p. 61; *Gloucester Ferry Co. v. Pennsylvania,* 114 U. S. 196, 5 Sup. Ct. Rep. 628, 29 L. ed. 159; *Horn Silver M. Co. v. New York,* 143 U. S. 305, 12 Sup. Ct. Rep. 403, 36 L. ed. 164; *McCall v. California,* 136 U. S. 104, 10 Sup. Ct. Rep. 881, 34 L. ed. 394; *Norfolk etc. R. R. Co. v. Pennsylvania,* 136 U. S. 114, 10 Sup. Ct. Rep. 958, 34 L. ed. 394; *Hooper v. California,* 155 U. S. 649, 15 Sup. Ct. Rep. 207, 39 L. ed. 297; *Cooper Mfg. Co. v. Ferguson,* 113 U. S. 727, 5 Sup. Ct. Rep. 739, 28 L. ed. 1137, *Sigel-Campion L. S. C. Co. v. Haston,* 68 Kan. 749, 75 Pac. 1028; *MacNaughton v. McGirl,* 20 Mont. 124, 63 Am. St. Rep. 610, 49 Pac. 655, 38 L. R. A. 367.) The power reserved to Congress to control commerce between the states applies as well to corporations as to individuals. The manner in which such commerce is carried on, whether through agents and salesmen traveling through the state, or by other systems of agency is immaterial; it is but a means to accomplish the ends of commerce. (*Singer Mfg. Co. v. Hardee,* 4 N. Mex. 175, 16 Pac. 605; *Wagner v. Meakin,* 92 Fed. 77; *Coit v. Sutton,* 102 Mich. 324, 60 N. W. 690, 25 L. R. A. 819; *Gunn v. White Sewing Mach. Co.,* 57 Ark. 24, 38 Am. St. Rep. 223, 20 S. W. 591, 18 L. R. A. 206; *McCall v. California,* 136 U. S. 104, 10 Sup. Ct. Rep. 881, 34 L. ed. 394; *Robbins v. Taxing Dist.,* 120 U. S. 489, 7 Sup. Ct. Rep. 592, 30 L. ed. 694; *Lyng v. Michigan,* 135 U. S. 161, 10 Sup. Ct. Rep.

725, 34 L. ed. 150; *Cooper Mfg. Co. v. Ferguson,* 113 U. S. 727, 5 Sup. Ct. Rep. 739, 28 L. ed. 1137; *Crutcher v. Kentucky,* 141 U. S. 47, 11 Sup. Ct. Rep. 851, 35 L. ed. 650; *Kindel v. Beck & P. L. Co.,* 19 Colo. 310, 35 Pac. 539, 24 L. R. A. 311; *Colorado Iron Works v. Sierra Grande Min. Co.,* 15 Colo. 499, 22 Am. St. Rep. 433, 25 Pac. 325; *Oakland Sugar Mill Co. v. Fred W. Wolfe Co.,* 118 Fed. 241; *Talbutt v. State,* 39 Tex. Cr. 64, 73 Am. St. Rep. 903, 44 S. W. 1091; *Bloomington v. Bourland,* 137 Ill. 534, 31 Am. St. Rep. 382, 27 N. E. 692; 17 Am. & Eng. Ency. of Law, 2d ed., p. 107; *Brennen v. Titusville,* 153 U. S. 289, 14 Sup. Ct. Rep. 829, 38 L. ed. 719; *Leisy v. Harden,* 135 U. S. 100, 10 Sup. Ct. Rep. 681, 34 L. ed. 128.)　The power of Congress to legislate upon questions of commerce between the states, and any attempt on the part of the state to do so is void.　And especially is this true since the passage of the interstate commerce act of February 4, 1887. (*Walling v. Michigan,* 116 U. S. 447, 6 Sup. Ct. Rep. 454, 29 L. ed. 691; *Brown v. Huston,* 114 U. S. 622, 5 Sup. Ct. Rep. 1091, 29 L. ed. 257; *Welton v. Missouri,* 91 U. S. 275, 23 L. ed. 348; 17 Am. & Eng. Ency. of Law, 2d ed., p. 67, and cases cited.)　The respondent desires to further call the attention of the court to a decision which has come to hand since the argument of the case. (*Kehrer v. Stewart,* 197 U. S. 60, 25 Sup. Ct. Rep. 403, 49 L. ed. 403.)

SULLIVAN, J.—The respondent in this action is a foreign corporation, organized and doing business under the laws of the state of Wisconsin, and is engaged in the manufacture of threshing-machines and farm machinery and selling the same in the various states of the Union.　On the twenty-sixth day of June, 1903, the defendant, who is the appellant here, gave an order to one M. J. Shields of Moscow, Idaho, for a threshing-machine, which order was taken on blanks furnished by the respondent corporation to said Shields, and it is provided in said order that the same is taken subject to the approval of said corporation.　It appears that said order was accepted and the threshing-machine and other machinery connected

therewith was sent to the said Shields at Moscow, and was thereafter delivered by him to the appellant, the purchase price thereof being $615, for which the respondent gave his two promissory notes, one for $307.50, payable on the first day of November, 1903, and the other for the same amount, payable on November 1, 1904, with interest on each at the rate of eight per cent per annum. Appellant having failed to make the payments as agreed, this suit was brought to enforce the collection of said promissory notes. In his answer the appellant admitted certain allegations of the complaint and denied others, and the affirmative defense is made that the respondent not having complied with the provisions of the act of the legislature approved March 10, 1903 (Sess. Laws 1903, p. 49), requiring foreign corporations, before doing business in the state of Idaho, to file articles of incorporation with the county recorder where its principal place of business is situated, and with the Secretary of State, and designate an agent upon whom service of process may be made, cannot maintain this action for that reason. A demurrer was interposed to this defense, which was sustained by the court, and thereafter judgment was entered against the appellant as prayed for in the complaint.

Counsel for appellant has failed to comply with that provision of paragraph 1 of rule 6 of the rules of this court which requires the brief to contain a distinct enumeration of the several errors relied on, but it is clear from his brief that his only contention is, that the plaintiff being a foreign corporation and not having complied with the provisions of the act of the legislature above cited, in not filing its articles of incorporation as thereby required and designating an agent upon whom service of process may be made, cannot maintain this action for that reason. The act referred to is an act amending section 2653 of the Revised Statutes, and was approved March 10, 1903, and went into effect sixty days thereafter, which was prior to the date of the contract referred to in this action. Said act provides, among other things, that a foreign corporation, before ''doing business'' in this state, must file its articles of incorporation with the county recorder

of the county in which is designated its principal place of business, and also file such articles with the Secretary of State, and designate some person in such county upon whom process may be served. It is also provided that "no contract or agreement made in the name of, or for the use or benefit of, such corporation prior to the making of such filings as first herein provided can be sued upon or be enforced in any court of this state by such corporation."

The only question presented for decision is whether under the facts of this case the respondent was "doing business in this state" according to the meaning of that phrase as used in said act, and if it is not, that is the end of this case.

It is contended by counsel for appellant that although the respondent manufactured its machinery in the state of Wisconsin and simply took orders as above stated, for the sale of such machinery within the state of Idaho, that it comes within the provisions of said act and cannot maintain this action. We cannot agree with counsel in that contention. The legislature never intended that that law should apply to foreign corporations except those actually engaged in business within the state, and excludes interstate commerce. And it was not intended to apply to interstate commerce between corporations or citizens of other states and citizens or corporations of this state. In *Gates Iron Works v. Cohen,* 7 Colo. App. 341, 43 Pac. 667, under a law similar to the one in question, it was held that a single sale of machinery within the state by a foreign corporation is not within a statute prohibiting such corporations "doing business" in the state before complying with certain conditions, such as filing articles of incorporation. (*Babbitt v. Field,* 6 Ariz. 6, 52 Pac. 775.) And in *Tallapoosa Lumber Co. v. Holbert,* 5 App. Div. 559, 39 N. Y. Supp. 432, it was held that the procuring in New York of orders for goods by traveling agents of a foreign corporation, which orders are to be transmitted to the home office of the corporation for approval, after which the goods are to be shipped from such office to the buyer in New York, does not constitute "doing business" within the law requiring foreign corporations to obtain a certificate of authority

to do business in New York. And in *People v. Roberts,* 25 App. Div. 13, 48 N. Y. Supp. 1028, a foreign corporation having its chief place of business in a foreign state with no office or place of business in New York, constituted a certain firm with a regular place of business in that state its selling agents. Those agents forwarded orders to said corporation which, after approval, were filled at the company's factories. The agents received as compensation a commission. Consignments were also made at frequent intervals to said agents who filled some local orders. Under that state of facts it was held that the corporation was not doing business in the state within the laws provided for taxing corporations doing business in the state.

So far as the transaction in the case at bar is concerned, it was simply and purely interstate commerce. The machine was manufactured in Wisconsin and shipped direct from the manufactory without the state as per said order to the appellant within the state of Idaho, or to M. J. Shields, to be delivered to the appellant. Interstate commerce is defined as follows in 17 American and English Encyclopedia of Law, second edition, page 61: "Interstate commerce or commerce among the several states of the Union is commerce which concerns more states than one. Strictly considered, it consists in intercourse and traffic, including in these terms navigation and the transportation and transit of persons and property, as well as the purchase, sale and exchange of commodities." (See, also, *Ferry Co. v. Pennsylvania,* 114 U. S. 196, 5 Sup. Ct. Rep. 826, 29 L. ed. 159.) As stated in *Norfolk R. Co. v. Pennsylvania,* 136 U..S. 114, 10 Sup. Ct. Rep. 958, 34 L. ed. 394: "It is settled by numerous decisions of this court that a state cannot, under the guise of a license tax, exclude from its jurisdiction a foreign corporation engaged in interstate commerce or impose any burdens upon such commerce within its limits." That rule is too well settled to require further citation of authorities.

*Cooper Mfg. Co. v. Ferguson,* 113 U. S. 727, 5 Sup. Ct. Rep. 729, 28 L. ed. 1137, was a case of a contract made in Colorado by an Ohio corporation to build and deliver in Colo-

rado certain machinery and the Colorado party to pay for it.  The court held that that was not the carrying on of business in Colorado within the meaning of its statute, regarding foreign corporations, containing provisions similar to our own.  It is said in that case: "So it is clear that the statute cannot be construed to impose upon a foreign corporation limitations of its rights to make contracts in the state for carrying on commerce between the states, for that would make the act an invasion of the exclusive right of Congress to regulate commerce within the several states."  As bearing on interstate commerce, see *In re Kinyon,* 9 Idaho, 642, 75 Pac. 268; *In re Abel,* 10 Idaho, 288, 77 Pac. 621.

If the legislature intended to apply the provisions of the law under consideration to facts such as those involved in the case at bar, it must be held unconstitutional as in violation of the commerce clause of the federal constitution.  But we do not think the legislature intended to have it applied to transactions such as those involved in the case at bar; in other words, interstate commerce.  A state cannot require a foreign corporation engaged in interstate commerce to designate an agent or have a place of business within the state.  It is said in 17 American and English Encyclopedia of Law, second edition, pages 106, 107, as follows: "The state cannot impose conditions or limitations upon the right of a foreign corporation to make contracts in the state for carrying on commerce between the states."  And again it says: "A state statute providing that no foreign corporation doing business in the state can maintain any action with reference to such business unless it has filed a copy of its charter, paid the required fees and secured a certificate, is void as an interference with interstate commerce so far as the business of a foreign corporation constitutes interstate commerce.  Interstate commerce may be carried on and sales negotiated, either by agents within the state or commercial agents or drummers, or by correspondence."  One of the cases principally relied upon by the appellant is *Diamond Glue Co. v. United States Glue Co.,* 187 U. S. 611, 23 Sup. Ct. Rep. 206, 47 L. ed. 328.  In that case the plaintiff was an Illinois cor-

poration, and entered into a contract with the defendant, a Wisconsin corporation, by which it was to have the management of the manufactory of glue in a factory within the state of Wisconsin, and was to assist in the operation of such factory and keep it supplied with a superintendent, and was to control and handle and sell the output of the factory. That was correctly held to be "transacting business" within the state within the meaning of the Wisconsin statute forbidding foreign corporations transacting business within the state until they had filed a copy of their charter with the Secretary of State. In that case the Illinois corporation was actually transacting and doing business in Wisconsin, was manufacturing glue there, and the court properly held that it came within the provisions of the laws of Wisconsin, and is not in point in the case at bar.

Counsel for appellant have cited many cases, and we have examined the most of them and find that they contain some peculiar features which takes them out of the rule applicable to interstate commerce, and are, therefore, held to be doing business within the meaning of the law of those particular states. Many of them are cases not involving the question of interstate commerce, such as writing insurance, which is held not to be interstate commerce. (See *Paul v. Virginia,* 8 Wall. 168, 19 L. ed. 357.)

The case of *Chattanooga Nat. Bldg. etc. Assn. v. Denson,* 189 U. S. 408, 23 Sup. Ct. Rep. 630, 47 L. ed. 871, cited by appellant, is a case for the loan of money, and does not involve the question of interstate commerce and is not applicable to the case at bar. The law in question only applies to corporations that are actually doing or conducting business within the state, and was not intended to apply to corporations engaged in "interstate commerce." The supreme court of the United States by numerous decisions has defined the term "interstate commerce," and any state legislative act that hinders or interferes with or places restrictions upon such commerce is in violation of the commerce clause of the federal constitution. No restriction can be imposed upon interstate commerce by a state. That power is reserved to Congress.

The judgment of the trial court is affirmed, with costs in favor of respondent.

Stockslager, C. J., and Ailshie, J., concur.