[No. 11535. Department One. September 16, 1914.]

SMITH & COMPANY, *Respondent*, v. O. DICKINSON *et al.*,
*Appellants.*[1]

CORPORATIONS — ACTIONS — FOREIGN CORPORATIONS — CONDITIONS
PRECEDENT—DOING BUSINESS IN STATE. A foreign corporation is not
doing business in this state, within Rem. & Bal. Code, §§ 3714, 3715,
requiring the payment of an annual license fee, and providing that
no corporation shall maintain any suit or action in any court of the
state without alleging and proving payment of its annual license
fee last due, although the agent of the corporation maintained of-
fices in this state where he kept samples for exhibition when solicit-
ing orders for the corporation, a manufacturing concern, and it ap-
peared that the agent had made resales of goods shipped to cus-
tomers, and had, on one occasion, sold his samples when a certain
line of stock had been exhausted, which sales were subject to the
approval of, and were closed by, the home office, and that the name
of the corporation appeared in both the telephone and city direc-
tories together with that of the agent as its representative; since the
transactions of the agent were only incidental to the regular busi-
ness of the corporation, which by taking orders through an agent
in the state, subject to approval and shipment by the home office,
was conceded to be interstate commerce, upon which the state could
impose no burden.

Appeal from a judgment of the superior court for King
county, Dykeman, J., entered June 20, 1913, upon findings

[1]Reported in 142 Pac. 1133.

in favor of the plaintiff, after a trial before the court, in an action on contract.  Affirmed.

*Gates & Emery,* for appellants.

*Kerr & McCord,* for respondent.

CROW, C. J.—This action was commenced by M. E. Smith & Company, a corporation, against O. Dickinson and Ida Williams, copartners, on an account for merchandise sold and delivered.  From a judgment in plaintiff's favor, the defendants have appealed.

Respondent, a foreign corporation, has filed no copy of its articles of incorporation with the secretary of the state of Washington, nor has it paid an annual license fee to the state of Washington.  Rem. & Bal. Code, § 3714 (P. C. 405 § 347), requires the payment of an annual license fee by every corporation incorporated under the laws of this state, and by every foreign corporation having its articles of incorporation on file in the office of the secretary of state; and § 3715 (P. C. 405 § 349), provides that no corporation shall be permitted to commence or maintain any suit, action or proceeding in any court of this state, without alleging and proving that it has paid its annual license fee last due.  In *Lilly-Brackett Co. v. Sonnemann,* 50 Wash. 487, 97 Pac. 505, it was held that the provision of § 3715, above mentioned, has reference only to corporations "doing business in this state."  It follows that the controlling question before us is whether respondent, a foreign corporation, was "doing business" in this state.

The trial court found that respondent is a corporation organized and existing under and by virtue of the laws of Nebraska, having its principal place of business in the city of Omaha, state of Nebraska, and that it is not doing business within the state of Washington.  The evidence shows that respondent is manufacturing merchandise in the state of Nebraska, and is selling merchandise at wholesale in that state and other states, including the state of Washington; that its

representatives take orders for merchandise and forward the same to respondent at Omaha for acceptance or rejection; that if the order is accepted, the merchandise is shipped from Omaha, Nebraska, to the purchaser, to whom it is sold upon credit; that the contract of sale is consummated in Omaha; that respondent has salesmen who solicit orders in the state of Washington; that its principal salesman is one Edward J. Bussey, who has offices in the cities of Seattle and Spokane, where he keeps and exhibits samples belonging to respondent; that he solicits orders throughout this state, sometimes taking trips to do so; that sometimes, in the interest of economy, he pays the expenses of proposed customers from their places of residence to Spokane or Seattle, where he exhibits the samples and receives their orders; that all such orders, when taken, are forwarded to respondent at Omaha for its approval, and for shipment of goods; that respondent's agents are not entitled to complete sales, to extend credit, or make collections, but that they represent respondent only in soliciting orders. The above statement covers respondent's general method of making sales in this state. It appears from the evidence that, on two or three occasions, where sales had been thus made to customers to whom the goods upon receipt did not prove satisfactory, Mr. Bussey resold the goods to other customers with shipping orders; that these resales were subject to respondent's approval; that on one occasion, when certain lines of respondent's stock had been exhausted, Mr. Bussey sold to appellants the samples of that stock which he had in Seattle; that this sale was also closed through the Omaha office upon Mr. Bussey's report, as shown by exhibits in the record; that Mr. Bussey, as respondent's agent, had a telephone in his office, and that respondent's name appeared in Polk's directory for the city of Seattle in the following words: "Smith, M. E., & Co., (Omaha, Neb.) Edwd. J. Bussey, Coast Rep., wholesale dry goods, 40 Postal Telegraph Bldg."

Appellants concede that the taking of orders by respondent through an agent in this state, subject to approval and shipment by respondent in Omaha, is not doing business in this state in contemplation of the statute, but is interstate commerce, upon which the state cannot impose any burden. They contend, however, that as respondent's agent had offices in Seattle and Spokane, where he kept samples for exhibition when soliciting orders, as resales were made of goods which had been shipped to customers, as samples were sold to appellants, and as the names of respondent and its agent appeared in the telephone and city directories in the manner above stated, respondent was doing business in this state in contemplation of the statute, and cannot institute or maintain this action, having failed to file its articles of incorporation, or pay its license fee. The transactions last mentioned were only incidental to respondent's regular interstate business, and in so far as they constituted sales, were subject to respondent's approval. Respondent's business of making sales from samples, in the manner stated, was interstate commerce. Its merchandise was manufactured in Nebraska, and shipped directly to purchasers in this state upon approval and acceptance of their orders received through respondent's agents. Under such facts, it has been repeatedly held that a corporation is not doing business in the state where the goods are delivered. It is apparent that the legislature in enacting the law requiring payment of an annual license fee, did not intend to impose a burden upon interstate commerce. To hold that it did so intend would place an interpretation upon the act which would require us to hold it unconstitutional. The legislature only intended to require payment of the fee by foreign corporations actually transacting a local business in this state. In *Belle City Mfg. Co. v. Frizzell*, 11 Idaho 1, 81 Pac. 58, the identical question here presented was before the court upon similar facts, and in holding that the foreign corporation was not doing business in the state of Idaho in contemplation of a similar statute,

the court, citing numerous authorities which strongly sustain its conclusions, said:

"It is contended by counsel for appellant that although the respondent manufactured its machinery in the state of Wisconsin, and simply took orders, as above stated, for the sale of such machinery within the state of Idaho, it comes within the provisions of said act, and cannot maintain this action. We cannot agree with counsel in that contention. The legislature never intended that that law should apply to foreign corporations, except those actually engaged in business within the state, and excludes interstate commerce. And it was not intended to apply to interstate commerce between corporations or citizens of other states and citizens or corporations of this state. In *Iron Works v. Cohen* (Colo. App.) 43 Pac. 667, under a law similar to the one in question, it was held that a single sale of machinery within the state by a foreign corporation is not within a statute prohibiting such corporations 'doing business' in the state before complying with certain conditions, such as filing articles of incorporation. . . .

"If the legislature intended to apply the provisions of the law under consideration to facts such as those involved in the case at bar, it must be held unconstitutional, as in violation of the commerce clause of the federal constitution. But we do not think the legislature intended to have it applied to transactions such as those involved in the case at bar—in other words, interstate commerce. A state cannot require a foreign corporation engaged in interstate commerce to designate an agent or have a place of business within the state."

In *People v. Roberts*, 48 N. Y. Supp. 1028, under similar facts, the court held that a New Jersey corporation was not doing business in the state of New York in contemplation of laws of the latter state, which taxed corporations for doing business therein. See, also, *Tallapoosa Lumber Co. v. Holbert*, 39 N. Y. Supp. 432. The trial court correctly held that the respondent was not doing business in the state of Washington.

The judgment is affirmed.

CHADWICK, MAIN, ELLIS, and GOSE, JJ., concur.