(March 26, 1920.)

## THE W. T. RAWLEIGH COMPANY, a Corporation, Respondent, v. E. M. VAN DUYN, J. F. AYERS, L. A. RICE and J. B. SMITH, Appellants.

[188 Pac. 945.]

SALES—FOREIGN CORPORATIONS—DOING BUSINESS WITHIN THE STATE—INTERSTATE COMMERCE—GUARANTY—MODIFICATION OF CONTRACT—TRIALS.

1. *Held*, that the contract in question in this case was one of sale and not of agency.

2. Where a person in this state orders goods from a person in another state by mail, and the goods ordered are delivered to the purchaser on board cars in the foreign state, the transaction constitutes interstate commerce.

3. The statutes of this state prescribing the conditions on which foreign corporations may do business in this state have no application to interstate commerce.

4. Where the evidence relative to the manner of conducting a business is undisputed, it is the province of the court as a matter of law to determine whether such business constitutes interstate commerce.

5. It is competent for guarantors to waive notice of acceptance of their contract of guaranty.

6. Where it is contended that a contract has been modified, and the evidence with relation to such contention is undisputed and unambiguous, it is the duty of the court to announce as a matter of law as to whether a modification of the contract was effected.

7. An error which is not prejudicial will not warrant a reversal of the judgment.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action on contract. Judgment for plaintiff. *Affirmed.*

Barber & Davison, for Appellants.

A contract of guaranty tendered for acceptance is merely an offer to guarantee which requires acceptance and notice of

acceptance in order to make a complete contract. (*Kincheloe v. Holmes,* 7 B. Mon. (Ky.) 5, 45 Am. Dec. 41; *German Sav. Bank v. Drake etc. Co.,* 112 Iowa, 184, 84 Am. St. 335, 83 N. W. 960, 51 L. R. A. 758; *Davis v. Wells, Fargo & Co.,* 104 U. S. 159, 26 L. ed. 686; *Davis Sewing Machine Co. v. Richards,* 114 U. S. 524, 29 L. ed. 480; *Douglass v. Reynolds,* 32, U. S. (7 Pet.) 113, 8 L. ed. 626, see, also, Rose's U. S. Notes.)

The arrangements between the company and the salesman in the restrictions as to territory, the forced credit sales, giving of free samples, all operated to such a change of relations as should discharge the guarantors from any liability. (*Finola Mfg. Co. v. Paulsen,* 50 Okl. 591, 151 Pac. 195; *Credit Clearance Bureau v. George A. Hochbann etc. Co.,* '25 Cal. App. 546, 144 Pac. 315; *City Messenger etc. Co. v. Postal Telegraph Co.,* 74 Or. 433, 145 Pac. 657; 2 Page on Contracts, 1126; *Brooklyn Life Ins. Co. v. Dutcher,* 95 U. S. 269, 24 L. ed. 410; *Hall v. French Wine Co.,* 149 App. Div. 609, 134 N. Y. Supp. 158; *Lowrey v. Hawaii,* 206 U. S. 206, 27 Sup. Ct. 622, 51 L. ed. 1026, see, also, Rose's U. S. Notes; *Evans v. Lawton,* 34 Fed. 233.)

A guarantor is discharged by any alteration, whether material or not, and whether or not the alteration is to his injury. (*Weiss v. Leichter,* 113 N. Y. Supp. 999; *Trenton Iron Co. v. Tassi,* 56 Misc. Rep. 659, 107 N. Y. Supp. 580.)

The record admits that the plaintiff corporation never qualified to do business within the state, and assuming that the conduct of plaintiff was the transaction of business within the state, it was not entitled to recover. (*Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873; *Continental Life Ins. & Inv. Co. v. Hattabaugh,* 21 Ida. 285, 121 Pac. 81; *Morris-Roberts Co. v. Mariner,* 24 Ida. 788, 135 Pac. 1166; *Thomas Mfg. Co. v. Knapp,* 101 Minn. 432, 112 N. W. 989; *D. M. Osborne & Co. v. Josselyn,* 92 Minn. 266, 99 N. W. 890; *International Text Book Co. v. Pigg,* 76 Kan. 328, 91 Pac. 74.)

Where, upon all facts and circumstances, there is a reasonable chance or likelihood of conclusions of reasonable men

differing, the question is one for the jury. (*Fleenor v. Oregon Short Line R. Co.*, 16 Ida. 781, 102 Pac. 897; *Park v. Brandt*, 20 Ida. 660, 119 Pac. 877.)

Instructions should not invade the province of the jury by determining any fact, or leading the jury to believe that the court believes any fact to be proven. (Hughes on Instructions, 127, and cases cited; 38 Cyc. 164, par. 2, and cases cited.)

Wood & Driscoll, for Respondent.

Interstate commerce does not fall within the provisions of the Idaho statutes requiring filing of articles and designation of agent of all foreign corporations doing business in the state. (*Belle City Mfg. Co. v. Frizzell*, 11 Ida. 1, 81 Pac. 58; *Toledo etc. Scale Co. v. Young*, 16 Ida. 187, 101 Pac. 257; *Foore v. Simon Piano Co.*, 18 Ida. 167, 108 Pac. 1038; *Northern Pac. Ry. Co. v. Gifford*, 25 Ida. 196, 136 Pac. 1131; *International Textbook Co. v. Pigg*, 217 U. S. 91, 18 Ann. Cas. 1103, 30 Sup. Ct. 481, 54 L. ed. 678, 27 L. R. A., N. S., 493, see, also, Rose's U S. Notes; *Butler Brothers Shoe Co. v. United States Rubber Co.*, 156 Fed. 1, 84 C. C. A. 167.)

The matters provided in the original contract in this action do not even constitute doing business in the state, but in any event are interstate commerce. (*J. R. Watkins Med. Co. v. Holloway*, 182 Mo. App. 140, 168 S. W. 290; *J. R. Watkins Med. Co. v. Coombes* (Okl.), 166 Pac. 1072; *W. T. Rawleigh Med. Co. v. Ellis*, 132 Ark. 421, 201 S. W. 110.)

The question of what facts constitute transaction of interstate commerce within the meaning of the federal constitution aside from the question as to what facts are proven is one of law for the court, and, if under all the facts (being undisputed) the transaction still constitutes interstate commerce, there is nothing to submit to the jury. (*W. T. Rawleigh Co. v. Holcomb*, 126 Ark. 597, 191 S. W. 215; *Oakland Sugar Mill Co. v. Fred W. Wolf Co.*, 118 Fed. 239, 245, 55 C. C. A. 93; Hughes on Instructions to Juries, sec. 117; 38

Cyc., p. 1514B; *Hollings v. Bankers' Union,* 63 S. C. 192, 41 S. E. 90.)

The suggestions and advice offered in evidence and rejected do not show any alteration or modification of the contract. (*W. T. Rawleigh Med. Co. v. Rose,* 133 Ark. 505, 202 S. W. 849; *W. T. Rawleigh Med. Co. v. Van Winkle* (Ind. App.), 118 N. E. 834.)

Where a surety's contract waives notice of acceptance, the waiver is binding and no notice is required. (*W. T. Rawleigh Med. Co. v. Laursen,* 25 N. D. 63, 141 N. W. 64, 48 L. R. A., N. S., 198; *W. T. Rawleigh Med. Co. v. Walker* (Ala. App.), 77 So. 70; *Davis v. Wells, Fargo & Co.,* 104 U. S. 159, 26 L. ed. 686, see, also, Rose's U. S. Notes; *Hibernia Bank & Trust Co. v. Cancienne,* 140 La. 969, 74 So. 267, L. R. A. 1917D, 402; *Hughes v. Roberts etc. Shoe Co.,* 24 Ky. Law Rep. 2003, 72 S. W. 799; *Davis Sewing Machine Co. v. Rosenbaum* (Miss.), 16 So. 340; 20 Cyc. 1411; 12 R. C. L. 1070; annotation, 16 L. R. A., N. S., 379.)

RICE, J.—The parties to this action entered into the following written contract:

"Whereas, E. M. Van Duyn, of Eagle, Idaho, desires to purchase of the W. T. Rawleigh Medical Company, of Freeport, Illinois, on credit and at wholesale prices, to sell again on his own account to consumers, medicines, extracts, spices, soaps, toilet articles, perfumes, stock and poultry preparations, and other products furnished by it, paying his account for such goods in installments as hereafter provided.

"Therefore, he hereby agrees to sell no other products than those sold him by said company, and to have no other business or employment.

"He further agrees to pay said company for all products purchased under this contract the current wholesale prices of such products; by remitting in cash each week to said company, an amount equal to at least one-half the receipts from his business until his account is balanced, and, for that purpose as evidence of good faith, he shall submit to said com-

pany weekly reports of his business; provided, however, if he pays his account in full on or before the tenth day of each month, he is to be allowed a discount of three per cent (3%) from current wholesale prices.

"When the sale or purchase of products under this contract shall be permanently discontinued for any reason or upon notice given by either party, he further agrees to settle in cash, within a reasonable time, the balance due said company on account.

"Unless prevented by strikes, fires, accidents, or cause beyond its control, said company agrees to fill and deliver on board cars at place of shipment, his reasonable orders, provided his account is in satisfactory condition, and to charge all products sold him under this contract to his account at current wholesale prices; also to notify him promptly of any change in wholesale prices.

"Said company further agrees to furnish him free of charge on board cars at place of shipment, a reasonable amount of first class advertising matter, report and order blanks, and printed return envelopes for his use; also to furnish him, free of charge, after he has ordered goods, suggestions and advice, through letters, bulletins and booklets, as to the best methods of selling products purchased by him to consumers; but it is expressly agreed that nothing contained in such suggestions and advice shall be construed as in any way modifying the terms of this contract.

"This contract is subject to acceptance at the home office of the company and is to continue in force only so long as his account and the amount of his purchases are satisfactory to said company; provided, however, that said E. M. Van Duyn, or his guarantors may be released from this contract at any time by paying in cash the balance due said company on account.

  "THE W. T. RAWLEIGH MEDICAL COMPANY,
      " (Signed) W. T. RAWLEIGH,
            "President.
      " (Signed) E. M. VAN DUYN.
"Accepted, Jan. 9th, 1912, at Freeport, Illinois.

"In consideration of the W. T. Rawleigh Medical Company extending credit to the above named person we hereby guarantee to it, jointly and severally, the honest and faithful performance of the said contract by him, waiving acceptance and all notice, and agree that any extension of time shall not release us from liability under this guaranty.

|  | "(Name) | (Occupation) | (Address)' |
|---|---|---|---|
| "(Signed) | J. F. Ayers, | Farmer , | Star, Idaho, |
| " | L. A. Rice, | Farmer, | Eagle, Idaho, |
| " | J. B. Smith, | Farmer, | Eagle, Idaho." |

After the execution of the contract appellant Van Duyn mailed certain orders to respondent's place of business at Freeport, Ill., which were filled and shipped to him in this state. The respondent terminated the contract on March 4, 1914, and brought this action to collect the balance due on account. The appeal is from the judgment.

Appellants contend that respondent is a foreign corporation and has never complied with the laws of this state so as to entitle it to do business therein; that the contract quoted above was executed in this state; that the transactions from which this litigation arose constituted doing business in this state, and that therefore the respondent has not legal capacity to sue.

The contract, according to its terms, was to be finally accepted by the respondent in the state of Illinois, and was not an Idaho contract. (*W. T. Rawleigh Med. Co. v. Walker* (Ala. App.), 77 So. 70.) The contract was one of sale and not of agency. (*W. T. Rawleigh Med. Co. v. Rose,* 133 Ark. 505, 202 S. W. 849; *W. T. Rawleigh Med. Co. v. Holcomb,* 126 Ark. 597, 191 S. W. 215; *W. T. Rawleigh Med. Co. v. Ellis,* 132 Ark. 421, 201 S. W. 110.) If the transactions pursuant to the contract constituted doing business in this state, it must be by reason of the orders mailed by appellant Van Duyn in the state of Idaho to the respondent at Freeport, Ill., which orders were filled and the articles purchased delivered to said appellant on board cars at Freeport. These were interstate transactions, and the statutes relating to foreign

corporations have no application thereto. (*Belle City Mfg. Co. v. Frizzell*, 11 Ida. 1, 81 Pac. 58; *Toledo Computing Scale Co. v. Young*, 16 Ida. 187, 101 Pac. 257; *W. T. Rawleigh Med. Co. v. Rose, supra.*)

It is argued by appellants that the court invaded the province of the jury in instructing it as a matter of law that the transactions involved in the litigation constituted interstate commerce. It is the province of the jury to determine the facts, and of the court to announce the law. In this case there was no dispute as to the facts relative to the nature of the transaction. It was the duty of the court to decide whether or not the transactions established by the uncontroverted evidence constituted interstate commerce. (*Oakland Sugar Mill Co. v. Fred W. Wolf Co.*, 118 Fed. 239, 55 C. C. A. 93.)

It is next contended on the part of the guarantors that no notice was ever given to them by respondent of the acceptance of the contract and of their guaranty, and that they were thereby released from liability. This contention cannot be maintained. The contract of the guarantors expressly waived acceptance and all notice, and therefore they are in no position to complain that notice of the acceptance was not given them. (*W. T. Rawleigh Med. Co. v. Laursen*, 25 N. D. 63, 141 N. W. 64, 48 L. R. A., N. S., 198; *W. T Rawleigh Med. Co. v. Walker, supra.*)

Appellants also contend that while originally the contract was one of sale, it thereafter was modified and became essentially a contract of agency; that the modification was accomplished by means of letters and instructions contained in circulars and bulletins, urging appellant Van Duyn to sell on credit and to leave quantities of the goods with prospective purchasers on trial, accompanied with threats of terminating the contract if instructions were not followed, and that Van Duyn, on account of the threats, followed the instructions.

The evidence submitted on this question failed to disclose any purpose or intent to alter the terms of the contract. By the terms of the agreement, it was expressly provided that

nothing contained in the suggestions and advice which the company agreed to furnish should be considered as in any way modifying the terms of the contract. The trial court committed no error in holding as a matter of law that the instructions and advice given did not modify or alter the terms of the contract. (*W. T. Rawleigh Med. Co. v. Rose, supra; W. T. Rawleigh Med. Co. v. Van Winkle* (Ind. App.), 118 N. E. 834.)

It is contended by appellants that after the execution of the contract, respondent and appellant Van Duyn agreed to a restriction of the territory in which Van Duyn might sell the goods of respondent, and thereby modified the contract in a material particular. The court submitted this question to the jury. We find no evidence in the record that any agreement limiting the territory was entered into. The submission of the question to the jury was erroneous, but in view of the verdict it was not prejudicial.

We find in the record no prejudicial error, and the judgment is affirmed. Costs awarded to respondent.

Morgan, C. J., concurs.

Budge, J., sat at the hearing but took no part in the decision.