[No. 38875.    Department One.    May 2, 1968.]

THE LAWYERS COOPERATIVE PUBLISHING COMPANY, *Appellant*, v. FRANK T. KUNTZ *et al., Respondents.**

*Crollard & Crollard* and *Frederick M. Crollard, Jr.,* for appellant.

PER CURIAM.—A single question is presented on this appeal: Was the plaintiff corporation doing business in this state to the extent that it was required to pay a corporate license fee to the state of Washington as a condition precedent to the maintenance of its action. The trial court concluded that it was.

The undisputed facts are that defendant executed a promissory note in favor of plaintiff, made two installment

*Reported in 440 P.2d 813.

payments and then declined to make additional payments. The promissory note was marked as an exhibit, admitted and the plaintiff thereupon rested his case. Plaintiff neither pleaded nor proved compliance with RCW 23.60.110.[1] (Title 23 is now Title 23A Washington Business Corporation Act.)

Defendant then introduced evidence that plaintiff is a New York corporation and that some of its legal publications appear in the Chelan County law library as well as in individual law offices throughout the county. He stated that book salesmen had personally solicited him for the purchase of plaintiff's books. Written evidence of a book purchase solicitation by the plaintiff to the county law librarian and a written statement of account from plaintiff to the library were produced. He admitted that his purchases were received through the mail and that the books carried the name of both plaintiff and the Bancroft-Whitney Company, San Francisco, California.

On file in the cause were defendants' answers to requests for admissions. They state that plaintiff sells its books in the western half of the United States only through Bancroft-Whitney and that such contracts of sale are subject to acceptance at plaintiff's home office.

On the foregoing state of the record, defendants' motion to dismiss under RCW 23.60.110 was granted. It was the court's finding that plaintiff systematically solicits business here and that such solicitation results in a continuous flow of its product into the state; that it is doing business here within the meaning of the act, is a foreign corporation, has not paid its annual license fee and cannot, therefore, maintain the action.

Plaintiff's position that it is a foreign corporation engaged here in interstate commerce and thus not subject to the license fee requirement was rejected by the trial court. The rejection was based on the authority of *International*

---

[1] RCW 23.60.110 provides: "No corporation shall be permitted to commence or maintain any suit, action, or proceeding in any court of this state, without alleging and proving that it has paid or contracted to pay as hereinafter provided, all fees due the state of Washington under existing law or this chapter."

*Shoe Co. v. State,* 22 Wn.2d 146, 154 P.2d 801, 326 U.S. 310, 90 L. Ed. 95, 66 Sup. Ct. 154, 161 A.L.R. 1057 (1945). That case is not pertinent.

■ The *International Shoe Co.* case, *supra,* was concerned with the question of a foreign corporation doing business here to an extent *as would make it amenable to process in this state* under RCW 4.28.080(9).[2] It was not concerned with the annual license fee requirement as we are here. This identical distinction was pointed out by another court in *International Text Book Co. v. Tone,* 220 N.Y. 313, 318, 115 N.E. 914 (1917), and we agree with that court when it said:

> Business may be sufficient to subject the foreign corporation that does it to the service of process, and yet insufficient to require it to take out a license.

The legal incidents are not similar.

■■ The identical question before us here was considered earlier by this court under kindred facts in *Smith & Co. v. Dickinson,* 81 Wash. 465, 468, 142 Pac. 1133 (1914). We held there, and we hold here, that the transactions referred to constitute but an incidental part of the foreign corporation's regular interstate commerce and will not, therefore, subject that corporation to the license fee requirements. We said:

> It is apparent that the legislature in enacting the law requiring payment of an annual license fee, did not intend to impose a burden upon interstate commerce. To hold that it did so intend would place an interpretation upon the act which would require us to hold it unconstitutional.

Interstate commerce constitutes a limitation on the right of

---

[2]RCW 4.28.080 provides: "The summons shall be served by delivering a copy thereof, as follows:

". . . .

"(9) If the suit be against a company or corporation other than those designated in the preceding subdivisions of this section, to the president or other head of the company or corporation, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, secretary, cashier or managing agent."

a state to exclude a foreign corporation from doing business within the state.

In the case at hand, no sales are made in this state. An order is taken here but its acceptance occurs only at plaintiff's home office. And its orders are filled by shipment of its product through the United States mail into this state directly to the purchaser. This form of commerce does not subject plaintiff to the annual license fee requirements of RCW 23.60.110. *Dalton Adding Mach. Sales Co. v. Lindquist,* 137 Wash. 375, 242 Pac. 643 (1926); *W. T. Rawleigh Co. v. Harper,* 173 Wash. 233, 22 P.2d 665 (1933); *Brandtjen & Kluge, Inc. v. Nanson,* 9 Wn.2d 362, 115 P.2d 731 (1941); *Procter & Gamble Co. v. King Cy.,* 9 Wn.2d 655, 115 P.2d 962 (1941); and Annot. 60 A.L.R. 994, 996 (1929).

The order of the trial court is reversed and the cause remanded for new trial.